R. E. ROBINSON v. BULA E. CROKER, *et al.*

158 So. 123.
Opinion Filed December 11, 1934.

*Wideman, Wideman & Wardlaw, J. Field Wardlaw* and *Manley P. Caldwell,* for Appellant;

*Fancher, Paty & Warwick,* for Appellee, Croker.

DAVIS, C. J.—Pending the hearing and determination of an interlocutory appeal in chancery, the parties entered into a compromise agreement to be filed in the suit, by which it was provided that if the defendant, Bula E. Croker, should pay to the complainant, R. E. Robinson, a specified sum of money the same would be accepted in full settlement of the case, but if not paid according to the agreement, then that said compromise agreement should be made the decree of the Court in the cause respecting the rights put in controversy. On the basis of such agreement, appellee, Bula E. Croker, has made this motion to dismiss the appeal herein for the reason that the matters and things in controversy in the pending cause have been compromised and settled. Appellant has objected to the granting of the motion to dismiss, and the matter is now before this Court for a ruling on the motion.

Florida statutes permit the taking of appeals from interlocutory decrees in chancery as well as from final decrees. And all appeals so taken are regarded as steps in the cause.

Rabinowitz v. Houk, 100 Fla. 44, 129 Sou. Rep. 501; Palm
Beach Estates and J. B. McDonald v. Croker, 106 Fla. 617,
143 Sou. Rep. 792.

Under Supreme Court Rule 22 it is the duty of both
parties to an appeal to immediately notify the Supreme
Court when the cause on appeal has been settled by com-
promise or otherwise, National Surety Co. v. Willys-Over-
land Co., 103 Fla. 738, 138 Sou. Rep. 24.

A suit has been settled by compromise or otherwise pend-
ing on appeal renders the appeal moot and the ordinary
course of procedure in such cases, where the decree appealed
from is a final decree, contemplates a reversal of the de-
cree appealed from with directions for dismissal of the pro-
ceedings below without costs to either party. Brownlow v.
Schwartz, 261 U. S. 261, 43 Sup. Ct. Rep. 263, 67 L. Ed.
620; United States v. Hamburg-Amerikanische Co., 239
U. S. 466, 36 Sup. Ct. Rep. 212, 60 L. Ed. 387; Commer-
cial Cable Co. v. Burleson, 250 U. S. 360, 39 Sup. Ct. Rep.
512, 63 L. Ed. 1030; First Union Trust & Savings Bank v.
Consumers Co., 290 U. S. 585; 54 Sup. Ct. Rep. 61, 78 L.
Ed. 517.

The present appeal, however, is not from a final decree
but is from an interlocutory order of the Circuit Court
granting a motion by the defendant below to vacate a *lis
pendens* notice under Section 4550 C. G. L. (1927); Chap-
ter 12081, Acts 1927. The scope of review versed in an
appellate court by virtue of an appeal from a particular
interlocutory order is confined to the matters involved in
such order and can extend to no other consideration in the
case than matters to which the order relates. Crichlow v.
Equitable Life Assur. Soc. of U. S., 113 Fla. 668, 152 Sou.
Rep. 849.

It is therefore the appropriate procedure in a case like the
present for the appellate court to reverse the interlocutory

order appealed from without prejudice, and remand the cause to the court below for appropriate disposition in accordance with the stipulation of the parties entered into for a settlement by compromise or otherwise of their differences, especially when it is made to appear that, by reason of a stipulation or agreement entered into after the appeal from the interlocutory order was taken, the rights of the parties to the appeal have been affected by such stipulation and should be reconsidered by the court below in the light of the subsequent agreement of the parties for a settlement of their differences. See Preston v. Preston, 116 Fla. 246, 157 Sou. Rep. 197.

The interlocutory order appealed from is accordingly reversed without prejudice to the rights of either of the parties to this appeal, and without costs to either party, and the cause remanded to the Circuit Court for a reconsideration of the subject matter of the appeal in the light of the stipulation of the parties for a settlement of their differences, there to be proceeded with and disposed of as may be according to law and equity practice in the premises.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.