**PALM SHORES, INC., a Florida corporation, v. O. NOBLES**

5 So. (2nd) 52                                    Special Division A
December 16, 1941

104

Carroll Dunscombe, for plaintiff in error.

Liddon & Fee, for defendant in error.

BUFORD, J.:

The record in this case reveals that on the 28th day of February, 1941, interrogatories were propounded to the plaintiff by the defendant in this cause in the Circuit Court of St. Lucie County, Florida. That plaintiff failed to answer the interrogatories and on the 14th day of March, 1941, defendant filed his petition for rule nisi and on the same day the circuit judge issued an order requiring plaintiff to show cause within five days why it should not be held in contempt for its failure to file answers to the interrogatories as required by Section 4406 C.G.L.

The order to show cause was duly served on the plaintiff and on the 17th day of March, 1941, the plaintiff filed objections to the interrogatories and on March 18, 1941, plaintiff filed what he termed a disclaimer of willful default and excuse for failing to

answer sooner. The plaintiff did not file any other instrument and did not appear before the Court as required by the rule nisi.

On March 31, 1941, the Court entered an order adjudging the plaintiff to be in contempt of court and requiring it to pay into the court the sum of $50.00 within ten days from date thereof and that upon such failure the cause should stand dismissed.

On April 8, 1941, plaintiff filed motion to stay the contempt order and allow plaintiff a hearing. This motion was never called up before the Court and on June 6, 1941, the Court entered an order dismissing the cause for failure of the plaintiff to pay the $50.00, adjudged against it for contempt, into the registry of the court as required by the former order, which order is as follows:

"Whereas, it appears that this Court entered an order on the 31st day of March, 1941, adjudging the plaintiff in contempt of this Court and requiring the plaintiff to pay into the registry of this court the sum of $50.00 as a fine for said contempt, within ten days from the date thereof, and that in the event of the plaintiff failing to pay said sum as aforesaid, that this cause should stand dismissed at the cost of the plaintiff; and it appearing to the Court that the plaintiff in this cause has not paid said sum of $50.00 into the registry of this Court as required by said order,

"It Is, Therefore, Ordered and Adjudged that the above entitled cause be, and the same is hereby, dismissed with prejudice to the plaintiff.

"Done and Ordered at Fort Pierce, Florida, this 4th day of June, 1941."

To this order writ of error was taken to this Court.

No reversible error is made to appear in the judgment of the Court insofar as it adjudicates the plaintiff to be in contempt of court or in assessing the fine of $50.00 against the plaintiff for such contempt, even if such judgment be reviewable on appellate proceedings.

The Order dismissing the cause with prejudice, however, constitutes a final judgment because it forever disposes of the issues sought to be presented adversely to the plaintiff.

It appears to be the law that a party in contempt is not entitled to insist upon a hearing or a trial of the case out of which the contempt arose until he first purges himself of the contempt.  See 12 American Jurisprudence 438, Sec. 71; Skirven v. Skirven, 154 Md. 267, 140 Atl. 205, 56 A.L.R. 697; Campbell v. Justice of Superior Court, 187 Mass. 509, 73 N.E. 659, 69 A.L.R. 311.

A party against whom a judgment of contempt is entered has the right to purge himself of the contempt and thereupon to be reinstated to all his rights and privileges.

The plaintiff in this cause had submitted itself to the jurisdiction of the court for the determination of its legal rights and under our form of Government it is elementary that he is guaranteed the privilege of having the merits of his cause adjudicated by the proper judicial tribunal.  This right may be suspended as a punishment for contempt of court but it would be against our most sacred principles of Government to say that it may be forever barred without an adjudication on the merits.

In this case the judgment of the court did not merely abate the proceedings until the plaintiff should

purge itself of the judgment of contempt but it forever barred the door of the courts to the presentation by the plaintiff of his alleged cause of action. This denies the plaintiff of the due process of law and, therefore, the judgment, insofar as it dismisses the cause with prejudice, is reversed and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

It is so ordered.

BROWN, C. J., WHITFIELD, and CHAPMAN, JJ., concur.