SHANNON, Judge.
The appellant, Florida Power Corporation, has filed this interlocutory appeal from a denial by the chancellor of its motion for summary judgment against With-lacoochee River Electric Cooperative, Inc.,-appellee, who was the plaintiff below.
*642 The plaintiff below was organized under Chapter 425, Fla.Stat., F.S.A., and is what is commonly known as a “Co-op.” The defendant below was and is a public utility corporation. Under § 425.04(4), Fla.Stat., F.S.A., the plaintiff corporation was not to:
“ * * * distribute or sell any electricity, or electric energy to any person residing within any town, city or area which person is receiving adequate central station service or who at the time of commencing such service, or offer to serve, by a cooperative, is receiving adequate central station service from any utility agency, privately or municipally owned individual partnership or corporation;”
The plaintiff entered into a written com tract which embodied a franchise and easement agreement with Grace K. Schick et al. on September 12, 1958, which contract was duly recorded on October 20, 1958. The agreement granted to plaintiff the exclusive right to furnish, sell and distribute electric power and energy over and across the lines described in the agreement. The record indicates that the landowners were making plans for putting on a subdivision sale, and, at the time, there were no buildings at all on the land. The record also shows that Florida Power Corporation had no lines and no agreements looking toward opening that territory. Under these conditions Mrs. Schick began negotiations for herself and the other owners to secure electric power to serve the lands in question. She first took the matter up with the defendant, but was advised by its agent that Florida Power Corporation could not serve the lands in question and it was suggested that she contact the plaintiff about obtaining electric service. She did and the contract in question was entered into. In the meantime, on or about May 6, 1958, a plat of the land known as Crystal Ridge Subdivision was filed in Citrus County but the offer of dedication of roads to public use contained in said plat was not accepted by the County Commissioners of Citrus County until December 2, 1958. On or about October 27, 1958, Florida Power Corporation began installing electric power lines on the lands in question. From the record it appears that they had no easement from the owners of the land. At the time there were no homes or residences constructed on the property in question and no requests for electric service had been made other than the request of the owners for the installation of power lines by the plaintiff. Subsequently, the plaintiff filed its complaint, which alleged, in substance, the facts that we have outlined above, and sought that defendant be permanently enjoined from constructing any additional lines or poles in and upon the lands described, and that the defendant also be required to remove the poles, lines and other equipment now on said land. The prayer also asked that during the pendency of this action it be granted a temporary injunction to enjoin and restrain the defendant from constructing or installing any additional poles, lines or equipment in and upon the lands; that such temporary injunction be without notice and that the court enter an order to show cause as to why temporary injunction should not issue. Attached to the complaint was a copy of the franchise and easement agreement, which provided, among other things, as follows:
“That John J. & Grace K. Schick and Max & Helen Koblish does hereby give and grant unto Withlacoochee River Electric Cooperative, Inc., its successors and assigns, the perpetual and exclusive right, privilege and franchise, of constructing, maintaining and operating an electric power distribution system across the remainder of the above described property for the purpose of furnishing electrical energy to dwelling houses, places of business, or for any other purpose for which electricity may be used thereon. * * * ”
After an answer had been filed by the defendant and affidavits and depositions had been taken, the Florida Power Corporation filed its motion for summary judg *643 ment, which motion was denied by the chancellor on the 30th day of May, 1960. In his order denying the motion the chancellor said, in part:
“It is the court’s view that this case should be decided on the basis of what the facts were at the time the defendant installed the power lines on the lands in question and not by what might be the condition subsequent to this date or what might be anticipated or planned with reference to future home owners when there is not the first one on the premises at this time. The court is of the view that the contract in question is severable and that the grant of easement by the owners to the plaintiff is valid even if some other portion of the contract such as the exclusive right to furnish electricity in the area might be invalid. The court does not feel that it is proper at this stage of the proceedings and under the facts presented to determine the validity or invalidity of the contract insofar as the exclusive right to furnish electric power is concerned. It seems to the court that when the owners asked the defendant to come on the property and supply electric power and defendant refused to do so and referred them to the plaintiff, the owners then had the right to deal with the plaintiff, to give the plaintiff an easement on the property for this purpose and certainly to serve their individual wants exclusively.”
And, after saying that, the chancellor then proceeds to say:
“The court is of the opinion that this case must be considered on a general equitable basis, irrespective of the exclusive provisions of the contract, and that under the easement grant contained in the contract the plaintiff certainly had the right of first entry upon the lands in question, if it can be shown that the failure to allow the plaintiff first entry would create hazardous conditions and increase the expense of operation.
“Were it not for the conflict between the plaintiff and the defendant as to the amount of obstruction caused by the location of the defendant’s lines upon the property and the resulting hazard and economic burden created thereby, the court would be inclined to grant a summary judgment at this time in favor of the plaintiff against the defendant.”
As the chancellor in his decree did not rule upon the question of whether the contract between the parties by its wording of exclusive and perpetual use was monopolistic, that question is not before us. The only question that is before us is, as stated by the chancellor, the conflict between the plaintiff and defendant as to the amount of obstruction caused by the location of the defendant’s lines upon the property and the resulting hazard and economic burden created thereby, and upon this issue this court finds no reversible error in the chancellor’s order denying the appellant’s motion for summary judgment. See Florida Rules of Civil Procedure, 1.36(d), 30 F.S.A.; Albury v. Central and Southern Florida Flood Control District, Fla. App.1957, 99 So.2d 248; Hollywood, Inc., v. Clark, 1943, 153 Fla. 501, 15 So.2d 175; and Robinson v. Croker, 1934, 117 Fla. 582, 158 So. 123.
Affirmed.
ALLEN, C. J., and KANNER, J., concur.