LILES, Acting Chief Judge.
Suncoast Peach Corporation brought an action in ejectment against Winifred Clark. After appellant Clark filed her amended answer and counterclaim issue was joined. The trial judge then set the cause for pretrial conference. Prior to the date of the pre-trial conference, appellant fired her then attorney and the pre-trial conference-was continued until September 7, 1971. Prior to this pre-trial conference, the appellant again discharged her latest attorney. The pre-trial conference was set for 9:00 A.M., and her attorney was present; but since she had orally fired him on September 3, 1971, the trial judge allowed him to withdraw without going forth in representing the defendant at the September 7 pre-trial conference. Defendant herself showed up at 10:00 A.M. on September 7, thinking the pre-trial conference was to be held at that hour. The trial judge then entered his order striking defendant’s answer and entered a summary judgment in favor of appellee. Appellant then filed a motion for rehearing which motion was denied. This appeal ensued.
Appellant urges that the trial court erred in dismissing appellant’s defenses and granting a summary judgment on the pleadings in favor of appellee for the reason that appellant failed twice to show up for the pre-trial conference. We reverse on the authority of Tsavaris v. Tsavaris, Fla.App.1971, 244 So.2d 450.
 We hasten to point out that we do not condone a party’s ignoring or disobey-in a trial court’s order. We do not believe that appellant arbitrarily disobeyed the court’s order in this instance. The use of the procedure followed here penalizes litigants in such a way as to deny them their right to trial. The judge could have cited the appellant for contempt; or he could have assessed the costs of the pre-trial conference against her. Suffice it to say, he had several remedies; and the one he chose was an abuse of his discretion.
In passing, we also add that appellee may indeed be entitled to summary judgment; but the reason for granting the summary judgment in this instance is incorrect.
We therefore reverse and remand for further proceedings consistent with this opinion.
MANN and McNULTY, JJ., concur.