468 So.2d 407 (1985)
Gail Cherry WHITESIDE, Appellant,
v.
John Greyson WHITESIDE, III, Appellee.
No. 84-2160.
District Court of Appeal of Florida, Fourth District.
April 24, 1985.
Rehearing or Clarification Denied May 24, 1985.
*408 Peter Grable of Bonfiglio & Grable, West Palm Beach, for appellant.
Anthony J. Golden, Palm Beach, for appellee.
HERSEY, Judge.
Appellee, John Whiteside, petitioned for dissolution of his marriage to appellant. He subsequently moved the court for visitation rights with the parties' two-year-old son. The trial court awarded appellee temporary custody of the child for the month of July 1984.
On July 10, 1984, appellee petitioned the court for an order to show cause why appellant should not be held in contempt of court for refusal to obey the court's order granting temporary custody of the child to him. The petition asserted that appellee appeared at appellant's residence in Philadelphia on July 1 and showed her a copy of the order, but she refused to allow him to take the child. Appellant filed objections to the contempt proceeding and was represented by counsel at the hearing on appellee's petition but was not personally present.
The trial court held appellant in contempt for her willful failure to appear at the hearing and willful refusal to obey the court's prior order granting temporary custody to appellee. The court also entered a default judgment against appellant, with the provision that she could purge herself of contempt and have the default set aside by allowing the child to visit his father for thirty days and bearing the child's transportation costs. The wife appeals this order.
We find no Florida case directly on point with reference to a default entered as a sanction for contempt. However, as explained in Deauville Associates, Inc. v. Eristavi-Tchitcherine, 173 F.2d 745, 746 (5th Cir.1949), the leading case of Hovey v. Elliott, 167 U.S. 409, 17 S.Ct. 841, 42 L.Ed. 215 (1897), "held that a court did not have the right to strike from the files the answer of a defendant summoned in contempt and to condemn him without a hearing on the theory that he had been guilty of a contempt... . [T]he court should not prescribe, as a means by which he should purge himself of such contempt, that its doors be closed to him in the defense of either his liberty or his property."
For various reasons, we apply the same rationale to this case.
First, the Florida Rules of Civil Procedure make no provision for the entry of a default where a party fails to comply with an order awarding child custody or visitation rights. The Rules provide only that the trial court may enter a default for failure to comply with a discovery order, rule 1.380(b)(2)(C), failure to attend the pretrial conference, rule 1.200(b), or where a party fails to plead or otherwise defend the action, rule 1.500(b).
Second, the Florida Supreme Court in Palmer v. Palmer, 36 Fla. 385, 18 So. 720 (1895), questioned in dicta whether it would ever be proper in a divorce action to deprive either of the parties of the right to have their claims adjudicated onthe merits as a sanction for contempt.
Third, Florida cases distinguish contempt sanctions from dismissal or entry of a default. In Clark v. Suncoast Peach Corporation, 263 So.2d 247 (Fla. 2d DCA 1972), the trial court dismissed the defendant's defenses and entered summary judgment for the plaintiff because the defendant twice failed to appear for pretrial conference. In reversing, the appellate court noted that instead of denying the defendant her right to trial, the court could have found her in contempt. Similarly, in Parham v. Kohler, 134 So.2d 274 (Fla. 3d DCA 1961), the appellate court found dismissal of the action to have been improper, but stated that the trial court could have cited the plaintiffs for contempt or imposed other sanctions. The court went on to state that "[e]ven if the [trial] court had cited the *409 appellants for contempt, they would still have a constitutional right to have their cause heard, and it would be a denial of due process to dismiss with prejudice." Id. at 276. These decisions indicate that dismissal or default are not proper sanctions where a party is held in contempt. We so hold and reverse and remand.
We summarize what we perceive to be the applicable principles as follows: a court has the inherent power, under appropriate circumstances, to dismiss the cause of one seeking affirmative relief or to enter a default against one in a defensive posture. Weck v. Weck, 464 So.2d 619 (Fla. 4th DCA 1985). Exercise of this power is, first, subject to limitations and, second, subject to appellate scrutiny as to whether exercise of the power meets the reasonableness test of Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). The power to dismiss (plaintiff) arises from the fact that a suitor is presumed to agree to abide by the rules when by his action the machinery of the judicial system is put in operation. City of Miami Beach v. Chadderton, 306 So.2d 558 (Fla. 3d DCA 1975). Even so, the power is not unbridled. It may be exercised to suspend a plaintiff's right to proceed but not to serve as an adjudication on the merits. Palm Shores, Inc. v. Nobles, 149 Fla. 103, 5 So.2d 52 (1941). The power to enter a default (defendant) similarly invokes due process concerns and is appropriate only where court rule or statute authorizes such a remedy (usually based upon a presumption that a defense is frivolous and without merit which presumption arises when the defending party fails to act or refuses discovery). See rules 1.200(b), 1.380(b)(2)(C) & 1.500(b), Fla.R.Civ.P.; Hauer v. Christon, 43 Wis.2d 147, 168 N.W.2d 81 (1969); Day v. Schoreck, 31 Ill. App.3d 851, 334 N.E.2d 864 (1975). Thus, it is not appropriate to enter a default as punishment for contempt. One may not be barred forever from protecting one's life, liberty or property simply for being disobedient or contumacious. 11 Fla. Jur.2d Contempt § 45 (1979); Lawrence v. Lawrence, 79 N.J. Super. 25, 190 A.2d 206 (1963). Other adequate and more suitable forms of punishment, within constitutional limitations, are readily available to the court to ensure obedience to its order and to preserve the integrity of the judicial process. Vines v. Vines, 357 So.2d 243 (Fla. 2d DCA 1978). For these reasons we reverse.
Though the trial court may not permanently bar the appellant's assertion of her position in the instant case, it may properly refuse to consider her defenses until she has purged herself of contempt by complying with the court's order. Palm Shores, Inc. v. Nobles, 149 Fla. 103, 5 So.2d 52 (1941) ("It appears to be the law that a party in contempt is not entitled to insist upon a hearing or a trial of the case out of which the contempt arose until he first purges himself of the contempt." Id. 5 So.2d at 53 (citations omitted)). Upon remand it would be appropriate for the trial court to impose such a sanction upon appellant.
REVERSED and REMANDED.
LETTS and BARKETT, JJ., concur.