495 So.2d 921 (1986)
Yvette EPPS, Appellant,
v.
Deborah HARTLEY and David Hartley, Appellees.
No. 4-86-0441.
District Court of Appeal of Florida, Fourth District.
October 15, 1986.
*922 David Wm. Boone of Boone & Davis, P.A., Charles T. Becker, Fort Lauderdale, for appellant.
Nancy Little Hoffmann of Nancy Little Hoffmann, P.A., Glenda Greenberg of Goodhart & Rosner, P.A., Fort Lauderdale, for appellees.
GUNTHER, Judge.
Plaintiff appeals the final order of dismissal with prejudice of her complaint. We affirm in part and reverse in part.
On December 13, 1985, the trial judge issued an order setting the case for a two-week period beginning Monday, January 20, 1986. Calendar call was set for January 16, 1986, at 3:00 p.m.
On the afternoon of Thursday, January 23, 1986, the trial judge's office called counsel for petitioner to advise that the court was starting another case and petitioner's case was on standby. If the case before it settled, petitioner was told he would be called to trial. At 11:00 a.m. the next day, the court called petitioner's counsel and advised him that the court wanted him to begin trial at 1:30 p.m. on the same day.
The trial court refused to delay the beginning of trial for the five-hour period requested, and advised petitioner's counsel to either proceed to trial and select a jury without the presence of his client or the case would be dismissed. Petitioner's counsel opted not to proceed to trial because he felt he would be remiss in his duty to his client if he proceeded without her. The trial court then gave petitioner's counsel the choice of either voluntarily dismissing the case or having a ruling from the court. Counsel chose a ruling from the court, and the court dismissed the cause with prejudice.
The trial court did not abuse its discretion when it refused to grant the plaintiff's motion for continuance on the day of trial and dismissed the complaint. However, the dismissal with prejudice was an abuse of discretion, because this was far too severe a punishment for the trial court to impose for the plaintiff's failure to be in court when the plaintiff had been on "standby" and the definite trial time had only been set a few hours earlier. The power to dismiss a plaintiff's complaint arises from the fact that a suitor is presumed to agree to abide by the rules when, by his or her action, the machinery of the judicial system is put in operation. Whiteside v. Whiteside, 468 So.2d 407 (Fla. 4th DCA 1985). Even so, the power is not unbridled. It may be exercised to suspend a plaintiff's right to proceed but not to serve as an adjudication on the merits. Whiteside, 468 So.2d at 409.
Therefore, the dismissal with prejudice is reversed, and the matter is remanded to the trial court to exercise its discretion to enter a dismissal without prejudice.
AFFIRMED IN PART; REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
DOWNEY and WALDEN, JJ., concur.