549 So.2d 1133 (1989)
Barbara D. CADWELL, Appellant,
v.
Robert L. CADWELL, Appellee.
No. 88-2321.
District Court of Appeal of Florida, Third District.
October 10, 1989.
*1134 Sherr, Tiballi, Fayne & Schneider and William H. Lefkowitz, Ft. Lauderdale, for appellant.
Richard Touby, Miami, for appellee.
Before HUBBART, BASKIN and COPE, JJ.
PER CURIAM.
We have for review a non-final order in a dissolution of marriage action which struck appellant wife's answer, entered a default and dismissed her counterclaim, all as a sanction for failure to purge a contempt.[1] To the extent that the order struck the wife's answer and entered a default against her, we have jurisdiction, under Rule 9.130(a)(3)(C)(iv), Florida Rules of Appellate Procedure, to review the order as one which determines the issue of liability in favor of a party seeking affirmative relief. Chase v. Chase, 519 So.2d 637 (Fla. 2d DCA 1987). Under the particular circumstances presented by this case, we affirm in part and reverse in part.
The trial court had entered an agreed order of June 4, 1987, which required the wife to execute certain documents. She failed to comply. The husband moved to hold the wife in contempt. The trial court entered an agreed order of January 14, 1988, which adjudged the wife to be in contempt for a willful failure to obey the June 4 order. In order to purge herself of the contempt, the wife was required to execute the documents, and to appear for a second deposition in Dade County, Florida on twenty days' notice.[2]
The agreed order went on to provide that if the wife failed to execute the required documents, her pleadings would be stricken and default would be entered against her. The wife subsequently executed the required documents, thus complying with that part of the order.
The order was silent, however, as to the penalty to be imposed if the wife failed to appear for deposition on twenty days' notice, which was the second action she was required to take in order to purge herself of the contempt. Apparently the default sanction was excluded because the June 4 order had not required the wife to testify. Since she had not disobeyed an order to testify, but had disobeyed the order to execute documents, the January 14 agreed order prescribed default as a sanction for the failure to execute documents, but not for the failure to testify.
*1135 The husband ultimately scheduled the wife's deposition on forty-three days' notice. One week before the scheduled deposition date, the wife moved for an extension of time, citing pressing business engagements, and requested a six-week delay. The day before the scheduled deposition date the wife also pled ill-health. The wife failed to appear, whereupon the trial court struck her pleadings for the failure to purge herself of the contempt.
We affirm the trial court's order insofar as it concludes that the wife had failed to purge herself of contempt. The wife's obligations under the agreed order, which required her appearance at deposition in order to purge herself of contempt, certainly took precedence over any claim of pressing business engagements. The trial court was at liberty to disregard as pretextual the eleventh-hour claim of illness.
We are compelled, however, to reverse the penalty imposed. While the trial court has great discretion in setting penalties for contempt, under the unusual facts of this case we conclude that the penalty cannot stand.
The agreed order gave specific notice that a failure to execute the requisite documents would result in the striking of appellant's pleadings and entry of default. By implication a failure to appear for deposition would not be visited with the same sanction but rather a less severe one. While appellant's conduct was inexcusable, and sanctions on remand are certainly warranted, we are unable to uphold the striking of appellant's answer and entry of a default against her. We therefore reverse those sanctions and remand for imposition of an alternative permissible penalty.[3]
The trial court's order also struck the wife's counterclaim. Because the counterclaim was compulsory, that portion of the order which dismissed the counterclaim is a non-final, nonappealable order not cognizable under Rule 9.130. See, e.g., S.L.T. Warehouse Co. v. Webb, 304 So.2d 97, 100 (Fla. 1974); Rob-Cor, Inc. v. Ines, 512 So.2d 320, 321-22 (Fla. 3d DCA 1987).
One other procedural point must be resolved. During an interlocutory appeal under Rule 9.130, the trial court "may proceed with all matters, including trial or final hearing; provided that the lower tribunal may not render a final order disposing of the cause pending such review." During the pendency of the appeal, the wife moved for a stay of the final hearing, which was denied. The denial of the stay was intended to permit the final hearing to be conducted, and interlocutory orders to be entered, but was not intended to signify that final judgment could be entered. We are now informed that final judgment was, in fact, entered, which was not permissible under the Rule. We must therefore direct that the trial court vacate the final judgment. Judgment may be reentered after such proceedings as the trial court deems appropriate. The trial court has full authority to enter such interlocutory orders as may be advisable to preserve property rights pending the entry of final judgment.
Affirmed in part, reversed in part, and remanded with directions to vacate the final judgment and default, to reinstate appellant's answer, and to conduct such further proceedings as are appropriate.
NOTES
[1] The trial court had previously dissolved the marriage and reserved jurisdiction to adjudicate property rights and claims for support. The order at issue here was entered in the property-related phase of the case.
[2] The wife, a citizen and resident of Great Britain, had previously appeared for deposition in the action.
[3] This disposition follows from the text of the agreed order. The agreed order in this case invokes the contempt power, and does not involve a discovery sanction under Rule 1.380(b)(2), Florida Rules of Civil Procedure. Because the text of the agreed order is dispositive we need not reach the question whether decisional law precludes imposition of default as a sanction for contempt. See Whiteside v. Whiteside, 468 So.2d 407, 408-09 (Fla. 4th DCA 1985); see also Palm Shores, Inc. v. Nobles, 149 Fla. 103, 5 So.2d 52 (1941); Parham v. Kohler, 134 So.2d 274, 276 (Fla. 3d DCA 1961).