STEVENSON, Judge.
We have for review an order of the trial court dismissing a medical malpractice complaint with prejudice either as a sanction for failure to follow a court directive and/or because the complaint contained the identical causes of action which were already embraced in a lawsuit pending in a different division of the Broward County circuit court. For the reasons which follow, we vacate the order of dismissal with prejudice and remand the cause to the trial court for further proceedings.
The plaintiff, Edmund Wheeler, filed a medical malpractice action against the defendants/appellees in May of 1995. This action was assigned case number 95-006630. In October 1995, the plaintiff filed a second malpractice action against the same defendants, which was assigned case number 95-13793 and which was pending in a different division than the May 1995 action. Thereafter, the trial court granted the defendants/appellees motion to dismiss the second filed action. Two grounds were advanced in the motions to dismiss filed below: (1) that the plaintiff had failed to follow the trial court’s order to comply with an administrative order and (2) that the plaintiff had filed an identical complaint in another division of the Broward County circuit court and that the later ease (the one which is the subject of this appeal) should be dismissed.
The trial court did not indicate in the order upon which ground the dismissal was predicated. We reverse the dismissal with prejudice for failure to comply with the administrative order, if it were indeed based upon this ground, as too harsh a sanction under the circumstances. Dismissal of a litigant’s action with prejudice as a sanction for failing to comply with a court order has generally been frowned upon by the courts, except in the most egregious circumstances of intentional defiance and contumacious disregard of the court’s authority (a circumstance not present in the instant case). See Whiteside v. Whiteside, 468 So.2d 407 (Fla. 4th DCA 1985), cited with approval in, Epps v. Hartley, 495 So.2d 921 (Fla. 4th DCA 1986).
Having concluded that the trial court could not have properly dismissed the plaintiff’s complaint as a sanction, we next consider whether it may have done so due to the pendency of an identical lawsuit. The pen-dency of another action is a well-recognized ground for the abatement of a subsequent action. State ex rel. Dos Amigos, Inc. v. Lehman, 100 Fla. 1313, 131 So. 533 (1930); REWJB Gas Inv. v. Land O’ Sun Realty, Ltd., 643 So.2d 1107, 1108 (Fla. 4th DCA 1994), review dismissed, 651 So.2d 1197 (Fla.1995).
It is unclear from the record on appeal whether the trial court had before it the complaint from the earlier filed case number 96-006630. Therefore, we vacate the order of dismissal and remand this cause to the trial court so that it may compare the complaints filed in ease numbers 95-13793 and 95-006630. If indeed they are identical, then abatement will be appropriate.
REVERSED and REMANDED.
GLICKSTEIN and STONE, JJ., concur.