HARRIS, J.
In 1997, Seminole County filed an action alleging that Sassy Merlot’s, an adult entertainment establishment, was operating illegally because it lacked the appropriate license. The County sought a temporary and a permanent injunction to enjoin the continued illegal operation. The trial court not only denied the County’s request for a temporary injunction, it stated that “unless Seminole County can prove that the speech is not protected ... then the Adult Entertainment Ordinance does not apply to Defendant and it will be under no obligation to apply for a license....” An interlocutory appeal of this holding was not taken.
Subsequently, new ordinances were adopted by the County and its previous complaint was amended to raise additional reasons why Sassy was operating illegally. The County renewed its motion for a temporary injunction. Sassy counterclaimed and sought its own temporary injunction asking the court to issue “a temporary injunction, after a hearing on the merits of the application, enjoining the Plaintiff, its agents, servants and employees and others acting in concert with, or under the direction and control of Plaintiff, from administrating, executing, and enforcing or threatening to enforce or attempting to use the repealed Adult Entertainment Ordinances against Defendant, pending the issuance of a permanent injunction.” Although Sassy challenged the constitutionality of this ordinance, there was no request in its counterclaim for a temporary injunction for a determination that Sassy was exempt from the license requirement.
*1234 Not only did the court grant the temporary injunction, it went on to determine that “since the Defendant ... did not need a license under Ordinance No. 93-5 it was legally operating under the ordinances in existence in Seminole County, Florida, prior to the adoption of Ordinance No. 97-28.” By so ruling, the court went beyond the request for relief contained in the motion for temporary injunction and, in effect, determined the issue relating to the permanent injunction without permitting the evidence to be fully developed or presented. The court’s 1997 order denying the County’s temporary injunction which indicated that the court believed that no license should be required was conditioned on the County’s future inability to prove that “the speech is not protected.” Clearly, the order did not finally resolve whether Sassy would need a license to operate its adult club. The issue relating to free speech and the effect that a license (or the denial of a license) might have on free speech had not yet been presented to or properly considered by the court. The 1997 order itself shows that the determination of whether a license would be required was deferred until it could be shown whether the ordinance adversely affected free speech. In its order now under review, the court assumed, incorrectly, that it had previously ruled unconditionally that no license would be required under any event. This assumption led the court into error.
Because we believe the court exceeded the scope of relief requested by Sassy in its motion for temporary injunction, we reverse for further consideration as to whether Sassy, which has no license, has shown an entitlement to be treated as a licensed adult entertainment establishment. Williford v. Melbourne Commercial Development, Inc., 682 So.2d 1234 (Fla. 5th DCA 1996). The court did not “rule” in 1997 that Sassy was unconditionally entitled to operate “license free.” And the 1997 denial of the County’s request for a temporary injunction does not establish “the law of the case” as it relates to this issue. The court remains free, therefore, to consider whether the ordinance’s savings provision, [njothing herein shall be construed to regulate or control constitutionally protected expression or speech,” should really exempt this adult entertainment establishment from all license and zoning requirements.[1] This is an issue that should be resolved after a full hearing on the merits of the complaint for a permanent injunction.
REVERSED and REMANDED for further action consistent with this opinion.
GRIFFIN, C.J., and COBB, J., concur.

. See Solitary, Inc. v. Seminole County, 24 Fla. L. Weekly D139 (Fla. 5th DCA 1998) (corrected opinion).