728 So.2d 804 (1999)
Michael J. QUEEN, Appellant,
v.
ADAMS MARK HOTEL and Gallagher Basset Services, Inc., Appellees.
No. 98-1298.
District Court of Appeal of Florida, First District.
March 3, 1999.
*805 Bill McCabe, Longwood, for Appellant.
Steven P. Pyle, Winter Park, for Appellees.
PER CURIAM.
Michael J. Queen, the claimant, appeals an order of the judge of compensation claims dismissing his petition for benefits with prejudice. Because the judge failed to find that the claimant's conduct was willful, deliberate or contumacious, we reverse.
The claimant sustained injuries in an alleged work-related accident on June 27, 1995. On December 5, 1995, he filed a petition for benefits and on April 1, 1996, he filed an amended petition. Because the claimant failed to appear for two depositions and failed to make himself available for a deposition as the judge had ordered, the employer/carrier filed a motion to dismiss the claimant's petitions. The judge granted this motion on January 23, 1997.
Subsequently, the claimant filed two more petitions for benefits. The first was dismissed without prejudice because the claimant failed to sign it. The second was filed on June 3, 1997 and contained substantially the same claims as those contained in the petitions dismissed on January 23, 1997. This petition was referred to a judge of compensation claims.
The employer/carrier filed a motion for clarification alleging that the claimant's petition had previously been dismissed with prejudice, and thus, the present petition should also be dismissed. After a hearing at which no testimony was taken, the judge dismissed with prejudice the claimant's latest petition.
Dismissal with prejudice is a harsh sanction which should be used sparingly. See e.g. Hanna v. Industrial Labor Serv., Inc., 636 So.2d 773 (Fla. 1st DCA 1994); Kelley v. Schmidt, 613 So.2d 918 (Fla. 5th DCA 1993). A party's failure to appear at a deposition or to comply with a court order should result in a dismissal with prejudice of his or her claim only if that party's conduct was willful, deliberate or contumacious. See Commonwealth Fed. Sav. and Loan Ass'n v. Tubero, 569 So.2d 1271, 1273 (Fla. 1990)(holding that a trial judge must make a specific finding of willfulness before imposing the sanction of dismissal or default); Hanna; Wheeler v. Hajianpour, 688 So.2d 423, 424 (Fla. 4th DCA 1997)(holding that "[d]ismissal of a litigant's action with prejudice as a sanction for failing to comply with a court order has generally been frowned upon by the courts, except in the most egregious circumstances of intentional defiance and contumacious disregard for the court's authority").
Although hearings were held on both of the employer/carrier's motions to dismiss, no testimony was allowed. Thus, the record is devoid of any findings that the claimant's failure to attend the depositions or make himself available for a deposition was willful, deliberate or contumacious. Without such a finding, we must reverse. See Tubero; Hanna.
BENTON, VAN NORTWICK and PADOVANO, JJ., CONCUR.