WARNER, C.J.
In a seven page order dismissing appellant’s negligence suit with prejudice, the trial court detailed the four year progress of this case, a significant portion of which was pursued by appellant without counsel after two previous counsel withdrew. This progress included setting the case for trial four times, with continuances granted when appellant was unprepared to start trial. The last setting was accompanied by an order of the court that specifically placed the responsibility on appellant to be prepared to go forward with trial on May 3, 1999, or the court would dispose of the case if he was not ready.
*852 Appellant then tried to get lawyers, expert witnesses, and interpreters appointed, all at state expense. The court informed appellant that it had no authority to appoint these for a civil defendant. Thus, appellant was on notice that he would have to pay for all of the preparation for trial himself. He was further informed in advance of trial that he was responsible for ensuring that his witnesses were subpoenaed.
On the date of trial, appellant did not have his medical witnesses present, and the trial court granted him another day to have them there, but he failed to comply. According to the order of dismissal, the next day appellant confirmed that he had not subpoenaed any witnesses and was not prepared to offer testimony regarding negligence. Despite the court’s prior warnings, appellant was completely unprepared to try his case and could not proceed. The court dismissed the case with prejudice, and we affirm.
In Epps v. Hartley, 495 So.2d 921 (Fla. 4th DCA 1986), the trial court dismissed a case called to trial where the plaintiffs attorney refused to begin the trial because his client was not present. While this court upheld the dismissal, we concluded that it should be without prejudice under the circumstances because the case had been on stand-by when called, resulting in the client not being present. See id. at 922. In the instant case, appellant’s trial was set first on the docket. There was no doubt that he was going to trial.
The trial court was extremely patient with appellant in continuing his case on four other occasions. The court’s order setting the case first on the docket was entered nearly three months before trial. Appellant was told to be prepared to go to trial or the court would dispose of his case. The order dismissing the case states that appellant admitted that although he had issued subpoenas for witnesses, none had been served. While he claimed he was ready to try the case, the court determined that he could prove neither negligence nor damages with the witnesses he intended to call. Appellant was simply unprepared to go to trial. The trial court was not required to continue the case a fifth time.
Where the trial court order clearly states that a party’s failure to be prepared for trial will result in an order disposing of the case, and the party does not abide by that order, the trial court does not abuse its discretion by disposing of the case and dismissing it with prejudice. Cf. Lahti v. Porr, 624 So.2d 765, 766 (Fla. 4th DCA 1993)(“[w]here a pro se litigant does not abide by the court’s orders, it is logical that he or she should suffer the consequences”).
Affirmed.
GUNTHER and STEVENSON, JJ., concur.