854 So.2d 676 (2003)
SKYWAY TRAP & SKEET CLUB, INC., Appellant,
v.
SOUTHWEST FLORIDA WATER MANAGEMENT DISTRICT, a public corporation, Appellee.
No. 2D02-3423.
District Court of Appeal of Florida, Second District.
July 11, 2003.
Rehearing Denied September 8, 2003.
*677 Robert E.V. Kelley, Jr., and Marie A. Borland of Hill, Ward & Henderson, P.A., Tampa, for Appellant.
Dominick J. Graziano, Tampa, and William S. Bilenky and Steve Rushing, Brooksville, for Appellee.
CANADY, Judge.
Skyway Trap & Skeet Club, Inc., appeals a nonfinal order that permanently enjoins it from depositing expended shot from its shooting range on adjacent property owned by the Southwest Florida Water Management District. We reverse because we conclude that the permanent injunction was erroneously entered before the case was at issue, without a properly noticed trial, and constituted an impermissible contempt sanction.
Skyway's shooting range property lies adjacent to the western boundary of District property in St. Petersburg known as the Sawgrass Lake Water Management Area. The District's claims against Skyway arise from the circumstance that spent shot from trap and skeet shooting activities on Skyway's range falls on a portion of Sawgrass. The area on which the spent shot falls consists of two parcels identified as parcel 113.5 and parcel 102. Parcel 113.5 forms the western boundary of Sawgrass. The District acquired parcel 113.5 from Skyway in a 1975 eminent domain action. Skyway, however, retained an easement on parcel 113.5 for an ammunition drop zone. Parcel 102 is a portion of the Sawgrass property adjacent to the east side of parcel 113.5. Parcel 102 was also *678 acquired by the District in an eminent domain proceeding. Skyway, however, was not a party to that action. Skyway asserts that it has the right to deposit shot on the affected lands under its retained easement on parcel 113.5 and by virtue of a prescriptive easement on parcel 102. The District contends that the retained easement is unenforceable and that the prescriptive easement has never existed.
To properly explain the procedural posture of this case, it is necessary for us to discuss in detail the progress of the proceedings that led to the issuance of the order under review. Those proceedings began with the filing of a complaint by the District against Skyway on April 12, 2000. In that complaint, the District sought (1) damages for the alleged adverse environmental impact Skyway's shooting range activities were having on Sawgrass parcel 113.5, (2) to quiet its title to parcel 113.5 by clearing the parcel of the encumbrance of Skyway's easement, and (3) to permanently enjoin Skyway from depositing any shot on parcel 113.5. At the same time, the District filed a separate motion for a temporary injunction to enjoin "the discharge of any firearm at Skyway's trap and skeet range such that the expended shot impacts [p]arcel [102]." It is noteworthy that the District's complaint did not seek any relief with respect to parcel 102 and that the District's motion for a temporary injunction sought relief only with respect to parcel 102.
On April 28, 2000, the trial court, by written order, granted the District's motion for temporary injunctive relief with respect to parcel 102 "until such time as a final judgment issues [with respect to the causes asserted in the District's complaint]." The order also directed that representatives of both parties "shall inspect... collection sites on [p]arcel [102] before each weekend's shooting and after to ensure compliance with this order."
On May 9, 2000, Skyway filed an answer and affirmative defenses to the District's complaint. On June 7, 2001, Skyway filed an amended responsive pleading asserting additional affirmative defenses, as well as counterclaims for (1) declaratory relief with respect to its alleged possession of a prescriptive easement on parcel 102, (2) additional compensation in the event the District prevails in its action to quiet title by extinguishing Skyway's easement on parcel 113.5, and (3) compensation in the event that Skyway's prescriptive easement on parcel 102if determined to existis extinguished.
On February 1, 2002, the District filed an emergency motion for contempt or, in the alternative, a motion to modify the temporary injunction by making it permanent. The District alleged that Skyway was in contempt of the April 2000 temporary injunction order because it was continuing to trespass on parcel 102 by permitting expended shot to land there. The District claimed that Skyway was also failing to participate in property inspections as required. On February 11, 2002, the District filed a notice to set a jury trial date on its complaint.
On April 2, 2002, the first part of a hearing on the District's contempt motion was held. On May 14, 2002, Skyway moved to dissolve the temporary injunction on the basis of its claim to a prescriptive easement on parcel 102. That motion was to be heard on May 29, 2002, at the same evidentiary hearing scheduled for the conclusion of matters on the District's contempt motion.
Ultimately, at the close of the May 29, 2002, contempt hearing, the trial court informed Skyway that there was not enough time to hear its motion to dissolve the temporary injunction. The trial court then *679 directed the parties to submit written closing arguments and proposed orders on the District's contempt motion. At one point during the contempt hearing, the District stipulated that it was not seeking the imposition of a fine for Skyway's alleged contempt but was instead seeking a permanent injunction of all shooting at Skyway's range.
On June 3, 2002, Skyway filed a written objection to the District's February 11, 2002, request for a jury trial date. Skyway asserted that the case was not yet at issue and that there were other unresolved matters pendingsuch as its motion to dissolve the temporary injunctionthat could affect the District's rights in the litigation.
On June 24, 2002, Skyway filed a memorandum in opposition to the District's contempt motion arguing, among other things, that a permanent injunction could not be imposed as a contempt sanction. Skyway also argued that it was not in contempt of the April 2000 temporary injunction regarding parcel 102 because the District failed to prove that Skyway was intentionally trespassing on any of its property particularly in light of evidence that it had undertaken remedial measures to prevent shot from falling on parcel 102.
On July 17, 2002, the trial court entered an order finding Skyway in contempt of the April 2000 temporary injunction. The court's order directed Skyway to participate in weekly compliance inspections in accord with the April 2000 order and declared that "[t]he Temporary Injunction Order is hereby made permanent insofar as it prohibits Skyway from dropping spent shot on the District property"that is, parcel 102. It is this order which is the subject of this interlocutory appeal.
On July 25, 2002, Skyway filed a motion for rehearing. It renewed all grounds for objection asserted in its June 24, 2002, memorandum. It also argued that a permanent injunction was improper because it ultimately disposed of causes that were disputed in the lawsuit and on which Skyway had not yet had an opportunity to defend. Skyway further argued that it had not yet had an opportunity to present evidence on its counterclaims. On July 31, 2002, the trial court denied Skyway's motion for rehearing without further hearing or explanation. On August 14, 2002, Skyway filed a timely notice of appeal in this court.
On appeal, Skyway does not challenge the trial court's finding of contempt but asserts that entry of permanent injunctive relief was improper. Skyway urges reversal on two primary grounds: first, that the trial court granted the District permanent relief without allowing Skyway to present its defenses or evidence on its counterclaims; and second, that the imposition of the permanent injunction was an improper contempt sanction. We agree with Skyway that each of these grounds requires reversal of the order on appeal.
The merit of Skyway's first argument for reversal turns on the application of the fundamental requirements of Florida Rule of Civil Procedure 1.440. "An action is at issue after any motions directed to the last pleading served have been disposed of." Fla. R. Civ. P. 1.440(a). "If the court finds the action ready to be set for trial, it shall enter an order fixing a date for trial." Fla. R. Civ. P. 1.440(c). A court may enter a permanent injunction only after the case is at issue and the court has complied with the requirements of rule 1.440. Watkins v. Colonial Life & Acc. Ins. Co., 719 So.2d 934, 935 (Fla. 5th DCA 1998) (concluding that the trial court reversibly erred in entering a permanent injunction before the main cause was yet at issue where hearing resulting in issuance *680 of permanent injunction was intended to determine only propriety of temporary injunction); Scarbrough v. Meeks, 582 So.2d 95, 96 (Fla. 1st DCA 1991) (holding that "trial court abused its discretion by prematurely entering [a] permanent injunction in violation of rule 1.440" when case was not yet at issue); Int'l Jai-Alai Players Ass'n v. Dania Jai-Alai Div. of the Aragon Group, Inc., 563 So.2d 1117 (Fla. 4th DCA 1990) (holding that action was not yet at issue and that it was thus error for trial court to hold a final hearing and issue permanent injunction while two motions were still pendingnamely, appellant's motion to dissolve temporary injunction and appellee's motion for contempt and to modify temporary injunction); see also Seminole County v. River Capital, Inc., 725 So.2d 1233, 1234 (Fla. 5th DCA 1999) (holding that trial court erred in entering temporary injunction against county upon finding that adult entertainment establishment was operating legally and did not need a license, because such finding, "in effect, determined the issue relating to the [county's complaint for permanent injunctive relief] without permitting the evidence to be fully developed or presented"); Fla. State Soc'y of Homeopathic Physicians v. Fla. Dep't of Prof. Regulation, 487 So.2d 374 (Fla. 5th DCA 1986) (holding that trial court violated appellant's due process rights by entering permanent injunction after partial hearing on temporary injunction and without final evidentiary hearing on ultimate complaint for permanent injunction).
The record here shows that the trial court erroneously entered a permanent injunction against Skyway before the case was at issue. Skyway's motion to dissolve the temporary injunction based on its claim to a prescriptive easement on parcel 102 was still pending when the trial court granted the District permanent injunctive relief. The case was therefore not at issue under rule 1.440(a). Skyway twice implored the trial court that the main cause was not yet at issueonce in its written objection to the District's request for a trial date and once in a motion for rehearing of the trial court's decision to enter a permanent injunction. Thus, Skyway did not waive its right to a full and fair evidentiary hearing at which evidence from both parties relating to all the disputed issues could be fully developed and presented. Moreover, the record before us does not show that the trial court ever entered "an order fixing a date for trial" as required by rule 1.440(c). The trial court therefore violated Skyway's due process rights by failing to comply with rule 1.440. This failure to comply with the basic requirements of rule 1.440 explains why we face the paradoxical circumstance of reviewing a nonfinal order that grants permanent injunctive relief.
The merit of Skyway's second argument for reversal turns on the law defining the proper scope of sanctions imposed for civil contempt. Dismissals and default judgments are improper contempt sanctions. Whiteside v. Whiteside, 468 So.2d 407, 408 (Fla. 4th DCA 1985) (relying on this court's decision in Clark v. Suncoast Peach Corp., 263 So.2d 247 (Fla. 2d DCA 1972)). "One may not be barred forever from protecting one's life, liberty or property simply for being disobedient or contumacious." Whiteside, 468 So.2d at 409. "Other adequate and more suitable forms of punishment, within constitutional limitations, are readily available to the court to ensure obedience to its order and to preserve the integrity of the judicial process." Id. (citing Vines v. Vines, 357 So.2d 243 (Fla. 2d DCA 1978)). In the present case, the effect of the trial court's order was tantamount to a default judgmentat least as to Skyway's counterclaim *681 for a prescriptive easement on parcel 102. The permanent injunction here was thus an improper contempt sanction, as a matter of law. Furthermore, the trial court imposed the improper contempt sanction without giving Skyway an opportunity to purge the contempt. It is impermissible to impose a civil contempt sanction without providing a means of purging the contempt. Parisi v. Broward County, 769 So.2d 359, 365 (Fla.2000).
Finally, we note an issue that has not been raised by Skyway. This issue arises from the fact that the complaint filed by the District does not seek any relief with respect to parcel 102 the parcel which is the subject of the relief granted in both the permanent injunction now under review and the previously entered temporary injunction. The record this court has been furnished does not show that the District has ever sought to amend its complaint against Skyway to seek permanent injunctive relief or any other relief with respect to parcel 102. Instead, the District has proceeded by first seeking a temporary injunction as to parcel 102 and then seeking to have that temporary injunction made permanent. The question of the validity of the temporary injunction is not before us in this interlocutory appeal. See Robinson v. Croker, 117 Fla. 582, 158 So. 123 (1934) (holding that appellate review of interlocutory order is limited to that order). We note, however, the trial court's apparent lack of authority to issue a temporary injunction granting relief which is not predicated on a complaint seeking permanent relief. See Int'l Village Ass'n v. Schaaffee, 786 So.2d 656, 658 (Fla. 4th DCA 2001) (holding that it is inappropriate to issue a preliminary injunction "in the absence of a pending request for ultimate relief"); Connolly v. Connolly, 448 So.2d 641, 642 (Fla. 4th DCA 1984) (holding that "it was ... fundamental error ... for the court to grant an indefinite [temporary] injunction ... which ... was not ancillary to a[n] ... independent action"). It indeed appears anomalous for either temporary injunctive relief or permanent injunctive relief to be granted with respect to a tract of land where there is no complaint seeking ultimate relief with respect to that tract.
Because the interlocutory order under review was entered without compliance with rule 1.440 and imposed an impermissible contempt sanction, it is reversed and this cause is remanded for further proceedings consistent with this opinion.
Reversed and remanded.
SALCINES and KELLY, JJ., Concur.