VAN NORTWICK, J.
In this workers’ compensation appeal, Stanley Jones, claimant, argues that the Judge of Compensation Claims (JCC) erred in dismissing his petitions for benefits as a sanction for nonpayment of an earlier award of prevailing party costs to Royal Foods, Inc., and Gallagher Bassett Services (jointly the Employer/Carrier). Because the JCC did not find that the claimant’s conduct was willful, deliberate or contumacious, we agree and reverse.[1]

Background

On February 11, 2008, claimant sustained a compensable injury to his left shoulder. The Employer/Carrier provided medical treatment for the left shoulder injury and paid compensation benefits. On November 5, 2009, claimant filed a petition for benefits seeking treatment for his right shoulder. The Employer/Carrier denied the claim, alleging the right shoul *1164 der condition was not causally related to the February 2008 workplace accident.
Following a hearing on the November 2009 petition, the JCC denied the claim, finding the right shoulder condition not causally related to the workplace accident. The JCC also ordered claimant to pay the costs incurred by the Employer/Carrier in its defense of the right shoulder claim. On November 5, 2010, the JCC rendered an order on the Employer/Carrier’s motion to tax costs, directing claimant to reimburse the Employer/Carrier costs totaling $7,162.21.
On August 5, 2010, and September 8, 2010, claimant filed new petitions for benefits seeking medical treatment for his com-pensable left shoulder condition. On January 3, 2011, the Employer/Carrier filed a motion to dismiss all pending petitions for benefits, citing as authority section 440.24(4), Florida Statutes (2007). At the March 7, 2011, hearing on that motion, claimant testified he had not worked since February 11, 2008, was homeless, and did not have the ability to pay the taxed costs.
In the March 10, 2011, order, the order under review at this time, the JCC found that claimant was indigent, unemployed, and homeless. Further, the JCC found: “[T]he claimant is not willfully refusing to comply with the Order Taxing costs. Rather, he simply does not have the financial ability to pay the outstanding costs.” Notwithstanding the finding that claimant was not “willfully” refusing to comply with the order, the JCC exercised his discretion under section 440.24(4) and granted the motion to dismiss until claimant was able to pay the outstanding cost judgment, and dismissed the pending petitions.

Analysis

Section 440.24(4) provides in relevant part: “In any case wherein the employee fails to comply with any order of a judge of compensation claims within 10 days after such order becomes final, the judge of compensation claims may dismiss the claim or suspend payments due under said claim until the employee complies with such order.” This court has consistently held that in exercising his or her discretion, the JCC may not dismiss a petition for benefits absent a specific finding that a party or its attorney has willfully refused to comply with an order. See Hill v. Greyhound Lines, Inc., 988 So.2d 1250, 1252 (Fla. 1st DCA 2008) (reversing JCC’s dismissal of petitions based on claimant’s violation of section 440.25(3), Florida Statutes (2004), confidentiality privilege); Martinez v. Collier County Pub. Schs., 804 So.2d 559, 560 (Fla. 1st DCA 2002) (reversing JCC’s dismissal based on counsel’s failure to personally appear at pretrial conference, noting “JCC’s order does not contain the required finding that counsel’s failure to appear resulted from a willful disregard of the JCC’s authority”); Queen v. Adams Mark Hotel, 728 So.2d 804, 805 (Fla. 1st DCA 1999) (reversing dismissal based on claimant’s failure to appear at two depositions and failure to comply with order to make himself available for deposition because “record is devoid of any findings that the claimant’s failure to attend the depositions or make himself available for a deposition was willful, deliberate or contumacious”). We find no reason not to apply the same rule to dismissals pursuant to section 440.24(4). Accordingly, we hold that a JCC who implements section 440.24(4), must specifically find that the offending party’s “conduct was willful, deliberate or contumacious.” Queen, 728 So.2d at 805.
Here, the JCC specifically found claimant’s failure to comply with the order to pay costs was not willful and the record supports that finding. Accordingly, we REVERSE the JCC’s dismissal of claimant’s 2010 petitions for benefits and RE *1165 MAND this matter for proceedings consistent with this opinion.
LEWIS and SWANSON, JJ., concur.

. Claimant and amici curiae also argue that, to the extent section 440.24(4), Florida Statutes (2007), authorizes the dismissal of petitions for benefits where the claimant has failed to pay a cost order solely because of claimant's indigency, the statute constitutes an unconstitutional denial of the right of access to courts under Article I, section 21, of the Florida Constitution. Because of our holding here, we do not address this constitutional issue.