PER CURIAM.
In this workers’ compensation appeal, Claimant argues that the Judge of Compensation Claims (JCC) erred in dismissing his petitions for benefits as a sanction for nonpayment of an earlier award of prevailing party costs to the Employer/Carrier (E/C). Because the JCC did not find that Claimant’s conduct was willful, deliberate, or contumacious, we agree and reverse.
BACKGROUND
On December 8, 2003, Claimant sustained a compensable injury to his lower back. The E/C provided medical treatment for the low back injury and paid compensation benefits. Claimant filed several petitions for benefits (dated July 12, 2004; November 22, 2004; November 29, 2004; and November 18, 2005) seeking medical care and indemnity benefits. On April 25, 2007, all petitions were voluntarily dismissed, without prejudice.
On February 16, 2011, and May 3, 2011, Claimant filed two new petitions seeking medical benefits and indemnity. On March 30, 2011, the E/C filed a “Motion to Tax Costs” and argued the E/C was entitled to recover $16,724.49 in costs associated with the earlier dismissed claims. On June 22, 2011, the JCC granted the motion and ordered Claimant to reimburse the E/C $7,067.67 in costs. Claimant did not appeal the order to pay costs.
Thereafter, on July 29, 2011, the E/C filed a motion to dismiss Claimant’s pending petitions due to Claimant’s failure to comply with the June 22, 2011, order, citing as authority section 440.24(4), Florida Statutes (2004). At the hearing on the motion, Claimant testified that, had he been financially able to pay the costs order, he would have done so. Claimant further testified that he had forgotten to list monthly contributions to his church (ten percent of his income) as an expense on his financial affidavit, and that he had been making this contribution since March 2011, when he resumed employment.
In a September 9, 2011, order, the order under review at this time, the JCC found that Claimant was indigent and granted the motion to dismiss until Claimant was able to pay the outstanding costs order, and dismissed the pending petitions, without prejudice, pursuant to section 440.24(4).
ANALYSIS
Section 440.24(4) provides in relevant part: “In any case wherein the employee fails to comply with any order of a [JCC] within 10 days after such order becomes final, the [JCC] may dismiss the claim or suspend payments due under said claim until the employee complies with such order.” This court has consistently held that in exercising his or her discretion, the JCC may not dismiss a petition for benefits absent a specific finding that a party or its attorney has willfully refused to comply with an order. See Jones v. Royalty Foods, Inc., 82 So.3d 1162, 1164 (Fla. 1st DCA 2012) (reversing dismissal without prejudice, holding “a JCC who implements section 440.24(4), [sic] must *725 specifically find that the offending party’s ‘conduct was willful, deliberate, or contumacious’”); Martinez v. Collier County Pub. Schs., 804 So.2d 559, 560 (Fla. 1st DCA 2002) (reversing JCC’s dismissal without prejudice, noting that “the JCC’s order does not contain the required finding that counsel’s failure to appear resulted from a willful disregard of the JCC’s authority”).
Here, although the JCC noted Claimant’s actions of voluntarily committing ten percent of his monthly income to tithing evidenced “a perception that respect for orders of the [JCC] is discretionary and that the obligation to comply with them can be subjugated by a party at his own discretion,” and further stated that “it is not reasonable for one who claims inability to pay to divert income to non-essential expenditures while ignoring other debts which he has a court ordered obligation to pay,” the JCC did not find that Claimant willfully, deliberately, or contumaciously refused to comply with the order requiring him to pay the E/C’s costs. In the absence of such a finding, the JCC abused his discretion in dismissing Claimant’s petitions on the authority of section 440.24(4). Consequently, we REVERSE the JCC’s dismissal of Claimant’s 2011 petitions for benefits and REMAND this matter for proceedings consistent with this opinion.
WOLF, VAN NORTWICK, and LEWIS, JJ., concur.