# Third District Court of Appeal

## State of Florida

Opinion filed May 11, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1036
Lower Tribunal No. 17-1358
_____

**Amersham Enterprises, Inc., et al.,**
Appellants,

vs.

**Carlos Hakim-Daccach,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Beatrice Butchko, Judge.

Greenberg Traurig, LLP, and Daniel Pulecio-Boek (Washington, D.C.); Greenberg Traurig, P.A., and Elliot H. Scherker, Brigid F. Cech Samole and Bethany J. M. Pandher, for appellants.

Sequor Law, P.A., and Edward H. Davis, Jr., Arnoldo B. Lacayo, Amanda E. Finley and Christopher A. Noel, for appellee.

Before LOGUE, SCALES and GORDO, JJ.

PER CURIAM.

Appellants Amersham Enterprises, Inc., Arkata Investment, Inc., Gyptec, S.A. n/k/a Violet Investment Corp. S.A. en Liquidación, Leinster Garden Assets, Inc., Ukiah International Corp., and Jorge Hakim-Tawil challenge the trial court's March 31, 2021 non-final order denying their motion to compel arbitration. We have jurisdiction. See Fla. R. App. P. 9.130(a)(3)(C)(iv). While the trial court denied the appellants' motion on several grounds, we focus on one ground that, under the particular circumstances presented in this case, compels affirmance.

On August 17, 2019, the trial court entered an injunction against the appellants. This Court affirmed the injunction. See Gyptec, S.A. v. Hakim-Daccach, 299 So. 3d 481 (Fla. 3d DCA 2020). On November 18, 2020, the trial court entered an order finding the appellants in contempt for their failure to comply with the injunction. A portion of the trial court's November 18, 2020 contempt order contained the following language: "The Court will not consider any request for relief by [the appellants] while they remain in contempt of Court. [The appellants] must purge their contempt within the time period provided for in this Order before the Court will consider any request for relief, affirmative or otherwise."

In denying the appellants' motion to compel arbitration, the trial court relied, in part, on the appellants' failure to purge their contempt and the

court's admonition to the appellants that the court would not consider any request for relief by the appellants while they were in contempt. Under these particular circumstances, we are unable to conclude that the trial court abused its discretion in denying the appellants' motion to compel arbitration.[1] See Slowinski v. Sweeney, 117 So. 3d 73, 77 (Fla. 1st DCA 2013) ("[I]t is contrary to the principles of justice to permit one who has flaunted the orders of the court to demand judicial assistance." (quoting Morris v. Rabara, 145 So. 2d 265, 267 (Fla. 2d DCA 1962))); Jaffe v. Snow, 610 So. 2d 482, 487 (Fla. 5th DCA 1992) ("Florida courts have held that a party adjudged in contempt for disobeying an order of the trial court in the cause appealed from is not entitled to maintain the appeal until he has purged himself of the contempt."); Pollock v. T & M Invs., Inc., 420 So. 2d 99, 102 (Fla. 3d DCA 1982) ("[T]he equitable doctrine of 'clean hands' operates as a bar to consideration of T & M's motion, since T & M had been in continuous and chronic contempt of the final judgment and subsequent orders entered thereon, as well as of this court's orders affirming same."); see also Palm Shores, Inc. v. Nobles, 5 So. 2d 52, 53 (Fla. 1941) ("It appears to be the law that a party in contempt is not entitled to insist upon a hearing or a trial of the

---

[1] Throughout the pendency of this appeal, the appellants have not purged themselves of the trial court's contempt order.

3

case out of which the contempt arose until he first purges himself of the contempt."); <u>Whiteside v. Whiteside</u>, 468 So. 2d 407, 409 (Fla. 4th DCA 1985) ("Though the trial court may not permanently bar the appellant's assertion of her position in the instant case, it may properly refuse to consider her defenses until she has purged herself of contempt by complying with the court's order.").

Affirmed.[2]

---

[2] We express no opinion on the substantive grounds for reversal argued by the appellants.