437 So.2d 160 (1983)
FLORIDA COAST BANK OF POMPANO BEACH, Individually and As Trustee, Appellant,
v.
William McWhorter MAYES and Robert Holder Mayes, Appellees.
No. 81-1997.
District Court of Appeal of Florida, Fourth District.
July 20, 1983.
Rehearing Denied September 28, 1983.
*161 Kenneth R. Mikos of Friedrich, Blackwell, Mikos & Ridley, P.A., Fort Lauderdale, for appellant.
Thomas A. Groendyke of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellees.
OWEN, WILLIAM C., Jr., Associate Judge.
Appellant (trustee) was sued by appellee (income beneficiaries of the trust) for accounting, removal and surcharge. The accounting aspects of the case were tried before a special master whose report (after certain amendments not material to this case) was approved by the court in the final judgment here appealed.[1] Although the final judgment did not order removal of the trustee, it did order the trustee to alter certain of its accounting practices, to pay to the appellees certain accumulated trust income and attorney's fees, and to reimburse the trust certain other sums. Appellant raises six points on this appeal, all of which we find to be without merit except as to the award of attorney's fees to the appellees, which portion of the judgment is reversed.
By an order granting partial summary judgment entered at an earlier stage in the proceedings, the court had determined that the trustee was improperly accumulating income to which the income beneficiaries were entitled. The accounting was directed primarily toward determining the amount of the accumulated income. Appellant first questions the manner in which the special master calculated this amount, particularly the disallowance of certain expenses which the trustee had charged against income. These expenses are in two categories which we discuss separately.
In the first category were expenses directly attributable to the maintenance and upkeep of the real property which was a trust asset. Appellant points to the provision of the Trust Agreement which granted to the trustee absolute discretion to apportion expenses as between principal and income, and argues that under Section 738.02(1)(a), Florida Statutes, such provision in the trust instrument governs over any contrary provisions of Chapter 738, Florida Statutes. The premise is sound. The fallacy is that the trustee failed to exercise discretion. The special master found that the trustee indiscriminately charged expenses to either principal or income on the sole criterion of which account contained cash then available to pay for such expenditure, a method which could not be justified as a reasonable exercise of discretion by the trustee. Furthermore, all or substantially all of these expenses had previously been shown on periodic accountings as a charge against principal, and the special master found that only after the entry of the partial summary judgment had the trustee attempted to reallocate such expenses as a charge against income in an effort to reduce the total of accumulated income to be turned over to appellee.
In the second category (by far the larger) was a reserve for expenses, including depreciation, which by a specific provision of the trust instrument, the trustee was authorized (but not required) to set up. The special master disallowed the reserve for depreciation as a proper charge against income because such was not specifically required by the trust instrument, an obligatory prerequisite under Section 738.13(1)(b), Florida Statutes.[2] Appellant contends, of *162 course, that under Section 738.02(1)(a) the specific language of the trust instrument (permitting a reserve for depreciation to be set up and charged against income in the discretion of the trustee) must control. In other words, appellant would have us construe Section 738.13(1)(b), Florida Statutes, as though it read, "Only when specifically required by the instrument, or when permitted in the discretion of the trustee ...," a construction which would render meaningless the initial clause of the sentence. We think the special master (and the trial court by approving the master's report) correctly concluded that a reserve for depreciation on property subject to depreciation under accounting principles could be charged against income only when specifically required by the trust instrument.
Appellees were awarded attorney's fees against the trustee in its individual capacity. Since there did not exist any contractual provision or statutory authority for such an award, the award of attorney's fees must be reversed. Campbell v. Maze, 339 So.2d 202 (Fla. 1976); Rivera v. Deauville Hotel Employers Service Corp., 277 So.2d 265 (Fla. 1973).
Appellants remaining points are without merit and do not require discussion.
That portion of the final judgment awarding to appellees attorney's fees against the trustee individually is reversed. In all other respects, the final judgment is affirmed.
REVERSED in part, AFFIRMED in part.
DELL and WALDEN, JJ., concur.
NOTES
[1] The trustee failed to comply with the provisions of the final judgment and it was held in contempt. That order is the subject of a separate appeal. Florida Coast Bank of Pompano Beach v. Mayes, 433 So.2d 1033 (Fla. 4th DCA 1983).
[2] Charges against income and principal. 
(1) The following charges shall be made against income:
... .
(b) Only when specifically required by the instrument, a reasonable allowance for depreciation on property subject to depreciation under accounting principles... .