436 So.2d 1110 (1983)
FLORIDA PHYSICIANS INSURANCE RECIPROCAL, Petitioner,
v.
Romeo C. BALITON, M.D., et al., Respondents.
No. 83-1011.
District Court of Appeal of Florida, Fourth District.
September 7, 1983.
*1111 Robert M. Klein of Stephens, Lynn, Chernay & Klein, P.A., Miami, for petitioner.
Mary Friedman of Colson, Hicks & Eidson, P.A., Miami, for respondent, Baliton.
BERANEK, Judge.
This is a petition for common law certiorari. We grant the petition, quash the order, and remand for further proceedings. Petitioner was the defendant in an excess suit brought by plaintiff/respondent. The suit alleged respondent to be an insured under a policy issued by petitioner. Respondent was sued for medical malpractice, and a judgment substantially in excess of the policy limits resulted. In the subsequent excess suit with which this proceeding is involved, the trial court found petitioner in noncompliance with a discovery order and imposed a sanction in the form of a $150,000 fine payable to respondent. We conclude that the order constitutes a departure from the essential requirements of law and that an appeal after final judgment would be an insufficient remedy.
Initially, we conclude that there was sufficient evidence of a discovery violation and that the court's finding that the petitioner was guilty of bad faith in failing to make discovery is supported by the record. There was conflicting evidence on this issue and we cannot substitute our judgment for that of the trial judge. See Mercer v. Raine, (Fla. 1983). We also note that although the order contains language similar to the traditional contempt findings of bad faith and willful noncompliance, the court did not find petitioner in contempt. Further the proceedings leading up to the order in question did not seek contempt.
With this backdrop, we proceed with the main issue of whether the $150,000 payment to plaintiff was an appropriate sanction. We start with Rule of Civil Procedure 1.380 entitled "Failure to Make Discovery; Sanctions." Subsection (a) of the rule provides for the obtaining of an order to compel discovery. This initial subsection deals with the situation where the automatic provisions of the other discovery rules have not resulted in the desired disclosures and a party finds it necessary to seek the aid of the court in securing an order to compel compliance with the rules which should have worked without the court's intervention. Subsection (b) deals with the situation presented here where the party has failed to comply after the subsection (a) order has been entered. Under subsection (b)(2), if a party fails to obey an order to provide discovery, the court may make any of certain enumerated orders. These orders, set out in subsections (A) through (F), deal with matters such as establishing certain contested facts, limiting positions or evidence, striking pleadings, and entering dismissals or defaults. In addition, the enumerated *1112 sanctions provide for treating noncompliance with the court's discovery orders as contempt of court and for the assessment of reasonable expenses and attorney's fees. Of interest is the fact that fines are not specifically provided for. Although not authorized by the technical wording of the rule, fines have been held appropriate through the vehicle of contempt in a discovery context. See Allstate Insurance Company v. Biddy, 392 So.2d 938 (Fla. 2d DCA 1980). The Biddy opinion deals with an excess case in which an insurance company was found to be in noncompliance with discovery orders. The company was found in contempt and a default was entered. On appeal, the Second District Court of Appeal reversed as to the default but affirmed as to the finding of contempt against the company. The matter was remanded with permission to impose a fine up to $2,000 against the company. In discussing the purpose of Rule 1.380, the court relied upon Hurley v. Werly, 203 So.2d 530 (Fla. 2d DCA 1967), stating as follows:
[The rule] is not penal. It is not punitive. It is not aimed at punishment of the litigant. The objective is compliance  compliance with the discovery Rules. The sanctions are set up as a means to an end, not the end itself. The end is compliance. The sanctions should be invoked only in flagrant cases, certainly in no less than aggravated cases, and then only after the court has given the defaulting party a reasonable opportunity to conform after originally failing or even refusing to appear. This is unmistakably the trend of judicial thinking in Florida on the "sanction" Rule.
In the instant case, the imposition of a $150,000 fine was clearly punitive. As we understand the record, the materials sought in discovery have been obtained. We do not hold that the petitioner here is not subject to being fined or otherwise sanctioned for its conduct. However, if a fine is to be levied, it should be done through the vehicle of contempt. See Florida Coast Bank of Pompano v. Mayes, 437 So.2d 160 (Fla. 4th DCA 1983). The rules specifically provide that the contempt vehicle is available in addition to all other remedies. Here, the trial court did not find petitioner in contempt. The order imposing the sanction of $150,000 is vacated and the matter remanded for further proceedings in accordance herewith.
CERTIORARI GRANTED.
DOWNEY and WALDEN, JJ., concur.