591 So.2d 671 (1991)
PARAMOUNT ADVISORS, INC., Appellant,
v.
Robert A. SCHWARTZ, Appellee.
Nos. 91-0379, 91-0795.
District Court of Appeal of Florida, Fourth District.
December 27, 1991.
*672 Gregory C. Picken, West Palm Beach, for appellant.
Richard M. Selman, Richard M. Selman, P.A., Boca Raton, for appellee.
PER CURIAM.
Appellant, Paramount Advisors, Inc., timely appeals: (1) the nonfinal order entered on appellee's Motion to Strike Pleadings and Motion for Default dated October 29, 1990; (2) the nonfinal order entered on appellee's Motion to Strike Pleadings and Motion for Default dated January 10, 1991; and (3) a final order entered on appellee's Motion for Final Judgment after Default dated February 20, 1991. (This final order was a direct result of the nonfinal orders rendered on October 29, 1990 and January 10, 1991.) By virtue of the foregoing orders, the trial court struck all of appellant's pleadings, entered a default against appellant, and thereafter entered final judgment against appellant based upon appellee's affidavit. Appellant originally filed with this court a petition for certiorari review of the foregoing orders (Case No. 91-0379). On March 15, 1991, this court ordered that appellant's February 8, 1991 Petition for Writ of Certiorari be redesignated as a nonfinal appeal pursuant to rule 9.130(a)(3)(C)(iv), Florida Rules of Appellate Procedure. Accordingly, on March 21, 1991, appellant filed its Notice of Appeal (Case No. 91-0795). On April 22, 1991, this court granted appellee's Motion to Merge/Consolidate cases 91-0379 and 91-0795. The record on appeal does not contain a transcript of any of the hearings held on the various motions in this case. It does, however, reveal the following filings and events:
1) On June 11, 1990, appellee served interrogatories and a Request to Produce on appellant.
2) On September 7, 1990, appellee filed a Motion to Compel Discovery due to appellant's failure to respond.
3) On September 19, 1990, after a hearing, the trial court entered an order commanding appellant to answer within ten days.
4) On October 9, 1990, appellee filed a Motion to Strike Pleadings/Motion for Default due to appellant's failure to answer.
5) On October 16, 1990, a hearing was held on appellee's Motion to Strike/Motion for Default.
6) On October 26, 1990, appellee's counsel received appellant's answers to the subject interrogatories.
7) On October 29, 1990, the trial court issued a written order on appellee's Motion to Strike/Motion for Default requiring: (a) appellant to answer within ten days or the court would strike its pleadings and enter a default, and (b) appellant to pay by November 29, 1990, an amount equal to $100 per day beginning September 29, 1990, and continuing each and every day thereafter until the date that the answers to the interrogatories were delivered to appellee's attorney or the court would strike its pleadings and enter a default.
8) On November 9, 1990, appellant filed a Motion for Rehearing.
9) On December 3, 1990, without holding a hearing, the trial court denied appellant's Motion for Rehearing.
10) On January 10, 1991, appellee filed a Motion to Strike/Motion for Default on the *673 grounds that appellant had not paid the fine imposed by the court's October 29, 1990 order. In its motion, counsel acknowledged having received appellant's answers to the subject interrogatories on October 26, 1990.
11) On January 10, 1991, after a hearing, the trial court entered an order striking appellant's pleadings and entered a default against appellant.
12) On January 29, 1991, appellant filed a Motion to Set Aside the January 10, 1991 order. The record does not contain an order ruling on this motion, and it is not apparent whether or not a hearing was held.
13) On February 21, 1991, appellee filed a Motion for Final Judgment after Default based on the January 10, 1991 order.
14) On February 21, 1991, after a hearing, the trial court granted appellee's motion and entered final judgment after default against appellant.
Based upon the foregoing events, it is clear that the trial court's order which struck appellant's pleadings and entered a default against appellant and the court's order which entered the final judgment after default against appellant were both entered because of appellant's failure to pay the fine imposed earlier on October 29, 1990, rather than because of appellant's failure to supply answers to appellee's interrogatories. Counsel for appellee acknowledged in writing in his January 10, 1991 Motion to Strike/Motion for Default that he received answers to the interrogatories on October 26, 1990. It therefore cannot be disputed that although appellant did not comply with the court's September 19, 1990 order, which required appellant to answer by September 29, 1990, appellant did in fact comply with the court's October 29, 1990 order which required that appellant answer by November 8, 1990, or the court would strike its pleadings and enter a default against appellant.
In light of the foregoing, the question is whether the trial court abused its discretion by ordering appellant to pay the subject fine.
It is established that the assessment of a fine in a discovery context must be predicated on a finding of contempt. Palm Shores v. Nobles, 149 Fla. 103, 5 So.2d 52 (1941); Florida Physicians Ins. Reciprocal v. Baliton, 436 So.2d 1110 (Fla. 4th DCA 1983); Allstate Ins. Co. v. Biddy, 392 So.2d 938 (Fla. 2d DCA 1980), rev. denied, 399 So.2d 1140 (Fla. 1981). In Baliton, this court vacated an order imposing a sanction of $150,000.00 against a party for noncompliance with a discovery order, finding it to be clearly punitive, on the basis that the trial court did not find the party to be in contempt. This court reached that conclusion even though the order contained language similar to the traditional contempt findings of bad faith and willful noncompliance. This court also noted that the proceedings leading up to the order did not seek contempt and apparently also gave importance to the fact that the record demonstrated that the materials sought in discovery had been obtained.
In Palm Shores v. Nobles, the trial court entered an order (a) adjudging the plaintiff to be in contempt of court for not showing why it should not be held in contempt for its failure to file answers to interrogatories and (b) requiring it to pay $50 within ten days or else the cause would be dismissed. Id., 5 So.2d at 53. Plaintiff's motion to stay the contempt order was never heard, and the trial court entered an order dismissing plaintiff's cause for failure to pay the $50 adjudged against it for contempt. In affirming the imposition of the fine, but reversing the dismissal of the cause with prejudice, the supreme court stated the following:
No reversible error is made to appear in the judgment of the Court in so far as it adjudicates the plaintiff to be in contempt of court or in assessing the fine of $50 against the plaintiff for such contempt, even if such judgment be reviewable on appellate proceedings.
The order dismissing the cause with prejudice, however, constitutes a final judgment because it forever disposes of *674 the issues sought to be presented adversely to the plaintiff.
* * * * * *
In this case the judgment of the court did not merely abate the proceedings until the plaintiff should purge itself of the judgment of contempt but it forever barred the door of the courts to the presentation by the plaintiff of his alleged cause of action.
Id. at 53-54 (emphasis added).
Furthermore, the third district in Grapin & Chaykin M.D., P.A. v. Turnoff & Fox M.D., P.A., 413 So.2d 133 (Fla. 3d DCA 1982), reversed a trial court's order adjudging a party in contempt and ordering it to pay $250 per day for each day it remained in violation of orders requiring it to make discovery. The district court reversed the order because it did not contain findings that the alleged contemnors had the present ability to comply with the underlying discovery orders.
In the present case, the trial court's October 29, 1990 order, which imposed the $100 per day fine beginning September 29, 1990, fails to make any finding of contempt. Neither does it contain any language to the effect that appellant acted in bad faith or in willful noncompliance, and there is no showing that proceedings leading up to the order indicated contempt by appellant. The order also lacks any finding that appellant had the present ability to comply with the court's earlier discovery orders. Furthermore, appellant did comply with the October 29, 1990 discovery order in that counsel for appellee received answers to the subject interrogatories on October 26, 1990, before they were due on November 8, 1990. In light of the foregoing and based upon the authority of Baliton, Biddy, and Nobles, we vacate that portion of the trial court's October 29, 1990 order which imposes a fine against appellant.
While we deplore the dilatory practices pursued by counsel, the trial court is not powerless to prevent continued procrastination under such circumstances. Unfortunately, here, the remedy missed the mark.
Having found that the fine was improperly imposed, we also vacate the court's order striking appellant's pleadings, and we reverse the final judgment entered after default. We remand to the trial court for further proceedings on the merits.
REVERSED AND REMANDED.
DOWNEY, HERSEY and DELL, JJ., concur.