728 So.2d 1233 (1999)
Douglas E. STEWART, individually; Earl D. Stewart, Jr., individually; Janet Goetz, individually; Stewart Pontiac Company, Inc., d/b/a Stewart Mazda; Stewart Pontiac Company, Inc., d/b/a Stewart Imports; Stewart Agency, Inc., d/b/a Stewart Toyota Of North Palm Beach; Stewart Agency, Inc., d/b/a Stewart Toyota; Stewart Agency, Inc., d/b/a Stewart Leasing; Stewart Select Cars, Inc., Petitioners,
v.
Jennifer JONES, individually and on behalf of a class of persons similarly situated, Respondent.
No. 98-4131.
District Court of Appeal of Florida, Fourth District.
April 7, 1999.
*1234 Anne Desormier-Cartwright of Lewis, Vegosen, Rosenbach, Silber & Dunkel, P.A., West Palm Beach, for petitioners.
Theresa A. DiPaola of Ricci, Hubbard, Leopold, Frankel & Farmer, P.A., West Palm Beach, for respondent.
PER CURIAM.
Petitioners, defendants below, seek certiorari review of a nonfinal order granting the plaintiff's second motion to enforce the court's order and motion for sanctions, finding Petitioners' failure to produce the requested documents was willful and intentional, ordering production within thirty days, and ordering a fine in the amount of $1,000 per day from the thirty-first day until full compliance. We grant the petition in part, and quash that part of the order on review which imposes a monetary fine without a finding of contempt.
The assessment of a fine in the discovery context must be predicated on a finding of contempt. See Hoffman v. Hoffman, 23 Fla. L. Weekly D1539, ___ So.2d ___, 1998 WL 329575 (Fla. 4th DCA June 24, 1998); Hoffman v. Hoffman, 718 So.2d 371 (Fla. 4th DCA 1998); Paramount Advisors, Inc. v. Schwartz, 591 So.2d 671, 673 (Fla. 4th DCA 1991) (citing Palm Shores v. Nobles, 149 Fla. 103, 5 So.2d 52 (1941)); Florida Physicians Ins. Reciprocal v. Baliton, 436 So.2d 1110, 1111 (Fla. 4th DCA 1983). The Respondent has not sought to have Petitioners held in contempt, so the trial court on remand may not clarify its order to include a contempt determination, as the respondent has suggested.
We find the other issues raised in the petition to be without merit and deny relief on those grounds without discussion.
POLEN, FARMER and HAZOURI, JJ., concur.