# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-CA-00234-SCT

*COOPER TIRE & RUBBER COMPANY*

*v.*

*JOHNNIE McGILL AND DOROTHY PAIGE,*
*INDIVIDUALLY, ON BEHALF OF THE ESTATE OF*
*DONALD PAIGE, AND THE WRONGFUL DEATH*
*BENEFICIARIES OF DONALD PAIGE*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/20/2002 |
| TRIAL JUDGE: | HON. BOBBY BURT DELAUGHTER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | SAM E. SCOTT |
| | DAVID DIAL |
| ATTORNEYS FOR APPELLEE: | JOHN LEE DAVIDSON |
| | JUDSON MORGAN LEE |
| | JOHN D. GIDDENS |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | REVERSED AND REMANDED - 07/22/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER AND COBB, P.JJ., AND GRAVES, J.**

**GRAVES, JUSTICE, FOR THE COURT:**

¶1. Plaintiffs John McGill and Dorothy Paige, individually, on behalf of the Estate of Donald Paige, and the wrongful death beneficiaries of Donald Paige filed a complaint against several parties including Cooper Tire & Rubber Company. As the trial date approached, issues arose regarding discovery and the failure by Cooper Tire to produce certain documents. This appeal follows from a contentious discovery process between plaintiffs and Cooper Tire. The

trial court ordered that certain documents be produced and issued several immediate and prospective sanctions if Cooper Tire failed to meet specific deadlines, which it did not. On the morning prior to a hearing regarding Cooper Tire's failure, Cooper Tire and plaintiffs reached a settlement. Following this, the trial court reconsidered the sanctions and dismissed all sanctions save a $10,000 fine for a one-day violation of the court's order.

## FACTS

¶2. The issue before this Court stems from Cooper Tire's failure to produce several documents that were initially requested by plaintiffs and later ordered by trial court.[1]

¶3. On December 20, 2001, on Cooper Tire's request, a protective order was entered. Subsequently, plaintiffs requested the production of documents related to *Tuckier, et. al. v. Cooper Tire & Rubber Co., et. al.*, Cause No. CV-97-64-C(P1). Cooper Tire objected, contending that the documents were not relevant, the request was overbroad, the cases were distinguishable from one another and access to the documents was limited by a protective order entered by the Circuit Court of Panola County.[2]

---

[1] Cooper Tire devotes much of its brief on appeal discussing the validity of the request and order. However, because the only relevant fact on appeal is Cooper Tire's failure to obey a court order, arguments regarding the validity of an order do not provide a defense for the failure to obey it.

[2] In a letter to counsel for plaintiffs dated March 22, 2002, counsel for Cooper Tire provided a list of all documents and things produced in the *Tuckier* case. Cooper Tire requested that plaintiffs specifically identify the documents they desire and briefly explain their relevancy. Thereafter, counsel for Cooper Tire would determine their relevancy and seek authority from Cooper Tire to produce them.

¶4. On July 19, 2002, plaintiffs moved for the trial court to compel Cooper Tire to produce documents recently produced in *Brownlee v. Cooper Tire & Rubber Co.* and *Whitaker v. Cooper Tire & Rubber Co.* (hereinafter "*Brownlee/Whitaker*"), which were similar suits pending in the federal district court for the Eastern District of Arkansas. Plaintiffs contended that the issues in *Brownlee/Whitaker* cases were similar to the instant case and that the documents in question were therefore relevant. Cooper Tire argued the motion was flawed in that the documents were never requested as required by M.R.C.P. 34 and that plaintiffs failed to submit a good faith certificate as required by URCCC 4.04(c). Further, it argued that the motion was untimely based on the fact that it was filed after the discovery deadline.[3]

¶5. On July 24, 2002, the trial court heard arguments on the motion to compel.[4] Following this hearing, both parties filed several memoranda and documents supporting their respective positions. Plaintiffs filed a second motion to compel, which presented reasons why they sought to compel production and which had attached an order from a South Carolina Court in *Middleton v. Cooper Tire & Rubber Co.*, No. 99-CP-25-214. In an order entered in *Middleton*, the trial court recognized that Cooper Tire had electronically stored much of the information regarding tires returned for tread separation.

---

[3] A scheduling order was entered providing June 3, 2002, as the close of discovery and setting June 17, 2002 as the trial date. At the requests of all defendants, the trial date was changed to August 12, 2002. Plaintiffs claimed that during a hearing held on June 4, 2002, the trial court extended discovery until two weeks before trial date (i.e., July 26, 2002). There is no transcript for this hearing, and Cooper Tire never asked the trial court for clarification of that claim.

[4] There is no transcript for this hearing.

3

¶6.    On July 30, 2002, the trial court issued an opinion and order on the motion that was highly critical of Cooper Tire's conduct regarding the production of documents and discovery practices.  The trial court cited Cooper Tire for, inter alia, discovery abuses and for making material misrepresentations to the court regarding the production of documents.[5]

Noting the protective order previously entered, the trial court ordered that Cooper Tire produce all depositions and testimony of experts and employees from the ***Brownlee/Whitaker*** case.  Such documents were to be provided on diskettes formatted to Microsoft Word 97, unless plaintiffs requested hard copies.  As to these documents, the trial court ordered that Cooper Tire would be sanctioned $10,000 for every day after July 31, 2002, that it failed to satisfy the order.

¶7.    Cooper Tire was ordered to allow the inspection and copying of the ***Talalai*** documents by counsel for plaintiffs.[6]  The inspection was to begin no later than August 2, 2002,  and the trial court ruled that Cooper Tire would be sanctioned $10,000 for every day after this date if plaintiffs were not provided access. Cooper Tire was ordered to pay  costs associated with the inspection. The court stressed that if it was determined to be Cooper Tire's fault, further

---

[5]  Both during the July 24 hearing and in documents filed before the court, Cooper Tire incorrectly represented that it had provided many of the documents that plaintiffs had requested.  Because no such data had been produced, the trial court sanctioned counsel for Cooper Tire, the law firm McGlinchey Stafford, PLLC, and ruled that the amount of the sanction would be determined at a later date.

[6]  These documents are stored in the ***Talalai*** repository, which is located in Cleveland, Ohio.  The repository houses hundreds of thousands of documents originating from a class action lawsuit involving every make of steel belted radial tire domestically produced by Cooper Tire over the past 15 years.

4

sanctions would be considered in the event that all inspection, production, copying and other access were not completed by August 7, 2002.

¶8.    Additional sanctions were based generally on Cooper Tire's conduct during discovery and misrepresentations to the trial court.  The trial court ordered that Cooper Tire be prepared to show cause at a future hearing regarding why it should not be further sanctioned.  Finally, the trial court denied the motion for pro hac vice submitted by attorney Daniel T. Plunkett and ordered that Cooper Tire be sanctioned, for an amount to be determined later, for its systematic failure to make proper discovery and discovery abuses.[7]

¶9.    Despite the order, neither production requirements were satisfied.    None of the *Brownlee/Whitaker* documents were provided.    As to access to the *Talalai* repository, Cooper Tire denied access to plaintiffs' counsel and consultants.  On August 2, 2002, after the plaintiffs' representatives traveled to the facility located in Finley, Ohio, Cooper Tire refused access citing the lack of an established protocol for the inspection.  On this same day, in its first response to the trial court's order, Cooper Tire filed a motion to reconsider. The motion provided several reasons supporting Cooper Tire's position and included its letter to the trial judge dated July 29, 2002, seeking to correct the misrepresentation that was the subject of the memorandum opinion. Plaintiffs filed a motion requesting that Cooper Tire be held in contempt.

---

[7]    The trial court ruled that Plunkett made the misrepresentations during the July 24, 2003, hearing.

¶10. On August 8, 2002, the trial court heard arguments regarding Cooper Tire's motion to reconsider and/or vacate its order. At that time, the parties notified the court that a settlement had been reached on all claims and defenses, including those of facts and law earlier that morning. Nevertheless, the trial court heard the arguments. As to the *Brownlee/Whitaker* documents, Cooper Tire contended it was seeking to satisfy the order but that it was unable to produce the documents in the format mandated. Likewise, Cooper Tire contended that it faced a conflict between the protective orders issued in this case and by the Arkansas federal court in *Brownlee/Whitaker* which retained jurisdiction over the documents. Cooper Tire represented that it filed in the federal court a request for guidance. When questioned by the trial court, Cooper Tire could not provide a reason why it failed to contact the trial court or request an emergency hearing or telephonic conference.

¶11. As to the failure to grant access to the *Talalai* document repository, Cooper Tire contended that there were numerous protective orders in place and that it would not allow plaintiffs to inspect the documents until there was an agreement between them regarding certain protocol. As to why it failed to contact either the trial court or counsel for plaintiffs regarding its inability to comply with the order, Cooper Tire again gave no explanation.

¶12. Though Cooper Tire failed to comply with its order, the trial court amended its earlier ruling. Holding that many of the issues were now moot following the announcement of a settlement, save one, the court vacated all the sanctions ordered. Cooper Tire was fined

$10,000.  As will be discussed further, the parties dispute the basis for the fine.  The trial court stated that it would not consider holding Cooper Tire in contempt.[8]

¶13.    Cooper Tire cites numerous issues, which are combined now on appeal.

## ANALYSIS

### I.    What Was the Basis for the Sanctions?

¶14.    Though sanctions were ordered in the July 30, 2002 opinion, the only sanctions imposed were those ordered during the August 8, 2002 hearing.[9]   Thus, our analysis focuses on the sanctions actually ordered.

¶15.    In the initial order (i.e., the July 30 order), the trial court cited M.R.C.P. 37(e) for its authority to sanction Cooper Tire.  To be certain as to the trial court's authority to sanction, we consider the basis for sanctions.

¶16.    The July 30 order set forth both immediate and prospective sanctions for discovery violations.   However, all immediate sanctions were dismissed, and the order was modified following  the August 8, 2002, hearing.   The parties disagree as to the basis supporting the sanctions. On the one hand, Cooper Tire argues that sole reason for the fine was its failure to comply with the July 30 order.   While on the other, plaintiffs argue that it was the failure of Cooper Tire to contact the trial court prior to the August 2 deadline to inform it that it could

[8]    As for civil contempt, the trial court stated that such would require incarcerating someone and that this issue was moot in light to the settlement.  As for criminal contempt, the court accepted Cooper Tire's explanation of its efforts leading to the filing of the motion to reconsider and thus, stated that it would not even consider such.

[9]    Likewise, the final order of dismissal entered in December of 2002 expressly vacates most of the July 30, 2002, order.

not satisfy the deadline for producing ***Brownlee/Whitaker*** documents.[10]   This Court agrees with explanation advanced by Cooper Tire in that the sanction imposed was based on its failure to produce the ***Brownlee/Whitaker*** documents by the end of the day on July 31, 2002.  This finding is understandable after considering why the trial court inquired into Cooper Tire's failure to contact it.

¶17.    A review of the transcript reveals that the explanation set forth by plaintiffs has some support.  As an obstacle to complying with the deadline, Cooper Tire claimed that its obligation under trial court's order required more time and that the order created issues with orders entered by courts in other jurisdictions. Several times the trial court admonished Cooper Tire for its failure to notify the trial court of its inability to meet the deadline.  Further supportive of plaintiffs' argument is the fact that a strict application of the July 30 order would have resulted in a more significant fine.   Nevertheless, we find that the admonishments were in response to the defense that Cooper Tire was seeking in good faith to comply with the order and that despite its diligence it was unable to do so.

¶18.    With every description of Cooper Tire's good faith efforts, the trial court inquired as why Cooper Tire failed to contact it or plaintiffs.  Concerning the fine, the trial court's desire not to be oppressive serves as a reasonable explanation for why the fine was substantially less that what could have been imposed.   The trial court acknowledged that Cooper Tire filed a

---

[10]Actually, plaintiffs  argue this position in the beginning of its brief, but later state that the "source of that sanction lies with Cooper Tire's failure to produce the ***Whitaker*** documents."

motion to reconsider the July 30 order, but noted that this was not done until August 2, 2002, two days after the deadline had passed. Crediting the filing of the motion to reconsider, the trial judge sanctioned Cooper Tire for the day of August 1, 2002.

## II. To What Extent May Courts Impose Fines for Discovery Violations?

¶19.    Cooper Tire argues that because M.R.C.P. 37 does not authorize punitive sanctions, the July 30, 2002, order was beyond the authority of the trial court and was therefore an abuse of discretion. Relying on *Illinois Central Railroad Co. v. Winters*, 815 So.2d 1168 (Miss. 2002), Cooper Tire contends that the trial court's holding was actually a finding of criminal contempt, which requires certain procedural and substantive protections that were not provides.

¶20.    There are two sources of authority for imposing sanctions for discovery violations: M.R.C.P. 37 and the court's inherent power to protect the integrity of their processes.[11] M.R.C.P. 37 provides broad discretion in determining sanctions for discovery violations. *See* M.R.C.P. 37 cmt. Under Rule 37 and their inherent power, courts may impose purely punitive fines. To do so, however, courts must first hold the offending party in contempt. This gives rise to certain procedural safeguards.

¶21.    A trial court is authorized to sanction for violations of its orders concerning discovery by M.R.C.P. 37, which provides in pertinent part:

---

[11]    Inherent power to insure the orderly administration of proceedings is discussed in *Wyssbrod v. Wittjen*, 798 So.2d 352 (Miss. 2001) (Where there is no specific authority for imposing sanctions, courts have an inherent power to protect the integrity of their processes, and may impose sanctions in order to do so. *Id*. (citing *Ladner v. Ladner*, 436 So.2d 1366, 1370 (Miss. 1983)).

*(b) Failure to Comply With Order.*

*(2) Sanctions by Court in Which Action Is Pending. If a party or an officer*, director, or managing agent of a party or a person designated under Rules 30(b)(6) or 31(a) to testify in behalf of a party *fails to obey an order to provide or permit discovery, including an order made under subsection (a) of this rule, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following*:

(A) an order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;

(C) an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

(D) in lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders.

In lieu of any of the foregoing orders or in addition, thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

*(e)    Additional Sanctions. In addition to the application of those sanctions, specified in Rule 26(d) and other provisions of this rule, the court may impose upon any party or counsel such sanctions as may be just, including the payment of reasonable expenses and attorneys' fees, if any party or counsel (i) fails without good cause to cooperate in the framing of an appropriate discovery plan by agreement under Rule 26(c), or (ii) otherwise abuses the discovery process in seeking, making or resisting discovery.*

M.R.C.P. 37 (emphasis added).[12]

¶22. Relying on *Illinois Central Railroad Co. v. Winters*, 815 So.2d 1168 (Miss. 2002), (*appeal following remand*, *Illinois Central Railroad Co. v. Winters*, 863 So.2d 955 (Miss. 2004), Cooper Tire contends punitive fines are not available under Rule 37. In *Winters*, Illinois Central appealed after the trial court held it in contempt and imposed sanctions following its failure to produce several corporate officers to be deposed. *Winters*, 815 So.2d at 1170. The issues arose when, a week prior to the close of discovery, the plaintiffs filed both a notice to depose the several officers and a motion to extend discovery. *Id*. at 1171-72. In response, Illinois Central filed a motion for a protective order and a motion opposed to extending the discovery deadline. After a conference call, the discovery deadline was extended. *Id*. at 1171. Several days later, without a hearing on the matter, the request for protective order was denied, and the trial court ordered that the depositions go forward as noticed. *Id*. Despite a warning that the executives would not be available, counsel for plaintiffs traveled to Chicago for the depositions. *Id*. Shortly afterwards, Illinois Central filed a motion for reconsideration of the denial of the protective order. A few days later, the plaintiffs filed a motion to compel discovery and for sanctions.

¶23. The trial court heard arguments on the motions to reconsider and compel. *Id*. Holding Illinois Central in contempt for disobeying its earlier order, the trial court imposed sanctions

---

[12] For further analysis and comment on M.R.C.P. 37, see Jeffery Jackson, Mississippi Civil Procedure § 10:1-:14 (2003).

that included the assessment of attorney's fees and expense related to the depositions the executives failed to attend. *Id*. The court also granted the motion to compel and ordered Illinois Central to pay all costs associated with the rescheduled depositions. *Id*. The fees and expenses approved by the trial court totaled over $47,000 and was awarded directly to the law firms representing the plaintiffs.

¶24. Relevant to the instant case, this Court discussed the sanctions under sections (b)(1) and (d) of Rule 37. This Court considered whether the contempt finding was civil or criminal and the severity of sanctions that may be imposed under M.R.C.P. 37. *Id*. at 1179-82. The Court stated that "[p]ursuant to Rule 37, [the] failure to obey a court order involving discovery is contempt, and the court is authorized to impose sanctions." *Id*. at 1179. Determining that the contempt holding was one for civil contempt, this Court stated "that a trial court can not tolerate the willful defiance of its orders, even if those orders are later found to be an abuse of discretion." *Id*. at 1181. Nevertheless, this Court held that under M.R.C.P. 37 the sanctions imposed could only be compensatory and therefore were limited to those expenses that were a direct result of the failure to attend the depositions. *Id*. at 1181-82. Though it did remand for a determination as to which costs were directly attributable to Illinois Central's failure, this Court states that the rescheduled depositions were an expense that the plaintiffs would have incurred anyway. *Id*. at 1181.

¶25. At first blush, applying the holding from *Winters* to the instant case would require that we hold the trial court was without authority to fine Cooper Tire. However, upon a closer

12

examination we find *Winters* is distinguishable because it did not discuss a trial court's broad authority pursuant to Rule 37(e) to sanction a party for discovery violations. *Winters* is also problematic because its reliance on a discussion of Fed. R. Civ. P. 37 set forth by the Fifth Circuit in *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 516 (5th Cir. 1985). *Winters*, 815 So.2d at 1182.

¶26.    This Court has considered section (e) in other cases. In *Cunningham v. Mitchell*, 549 So.2d 955 (Miss. 1989), we considered the authority to sanction under Rule 37(e). Noting that courts have considerable discretion in imposing sanctions, this Court upheld a $200 sanction imposed against plaintiffs' counsel based on counsel's failure to notify the trial court that he was unable to attend a hearing regarding the defendant's motion to compel discovery. *Id*. at 958.

¶27.    In *Pierce v. Heritage Properties, Inc.*, 688 So.2d 1385 (Miss. 1997), this Court affirmed dismissal of an action as a sanction imposed under Rule 37(b)(2) & (e) after determining that the plaintiff had willfully concealed the fact that another person was present when she was injured. *Pierce*, 688 So.2d at 1387. The Court stated that the most severe sanctions provided by statute or rule must be available to a trial court in appropriate cases, not just to penalize those whose conduct may warrant such sanctions, but to deter those who might be tempted to engage in such conduct in the absence of a deterrent. *Id*. at 1389 (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642, 96 S.Ct. 2778, 2780-81, 49 L.Ed.2d 747 (1976)).

13

¶28. Rule 37(e) gives great flexibility to the trial courts in the form of a general grant of power which enables it to deal *summarily* with discovery abuses, whenever and however the abuse is brought to the attention of the court. M.R.C.P. 37 cmt. Rule 37(e) does not enumerate the sanctions available to the court and courts should have considerable latitude in fashioning sanctions suitable for particular applications. *Id*.

¶29. Second, in considering this issue, little reliance should be placed on Fed. R. Civ. P. 37, or analysis thereof, because it does not contain a provision like our Rule 37(e).[13] Little reliance should have been placed on ***Batson v. Neal Spelce Assocs., Inc.***, 765 F.2d 511(5th Cir. 1985)) in our decision in ***Winters***. Thus, ***Winters*** is overruled to the extent that it holds that Rule 37 limits the imposition of expenses and attorney's fees to those caused directly by the other party's failure to comply with the court's orders. ***Winters***, 815 So.2d at 1182.

¶30. Aside from ***Winters***, there are no other Mississippi opinions discussing the need to hold the offending party in contempt as a prerequisite to imposing a fine for discovery violations. However, there were several cases from other jurisdictions holding so. *See* ***Paramount Advisors, Inc. v. Schwartz***, 591 So.2d 671 (Fla. Dist. Ct. App. 1991). The assessment of a fine in the discovery context must be predicated on a finding of contempt. ***Id***. (citing ***Palm Shores v. Nobles***, 5 So.2d 52 (Fla. 1941); ***Florida Physicians Ins. Reciprocal v. Baliton***, 436 So.2d 1110 (Fla. Dist. Ct. App. 1983)).

---

[13] For that matter, there is a split among the federal courts of appeals as to whether Federal Rule 37 provides authority to impose a noncompensatory, monetary fine and whether such requires a finding of contempt. *See* ***Law v. NCAA***, 134 F.3d 1438, 1443 (10th Cir. 1998).

14

¶31. Unlike the trial court in *Winters*, the trial court here considered and declined to hold Cooper Tire in contempt. To impose a purely punitive, noncompensatory fine the offending party must be held in contempt. State courts have the authority under Rule 37 to impose purely monetary, noncompensatory fines for a violation of a discovery order.

### III. Did the trial court hold Cooper Tire in contempt?

¶32. As already stated, the sanction was based on the failure to obey the trial court's order, and the trial court declined to cite Cooper Tire in contempt.

¶33. Typically, we are not forced to determine whether a trial court did indeed cite a party for contempt. For instance, in *Winters* we considered the type of fines imposed and whether the party was cited for civil or criminal contempt. In classifying a finding of contempt as civil or criminal, this Court focuses on the *purpose* for which the power was exercised. *Purvis v. Purvis*, 657 So.2d 794, 796 (Miss. 1994) (citing *Common Cause of Miss. v. Smith*, 548 So.2d 412, 415 (Miss. 1989). On appeal, the trial court's classification is not conclusive. *Purvis*, 657 So.2d at 796 (citing *In re Stewart*, 571 F.2d 958, 963 (5th Cir. 1978)). Thus, the determination should focus on the character of the sanction itself and not the intent of the court imposing the sanction.

¶34. We find the fact that the trial court specifically declined to cite Cooper Tire in contempt does not justify a deviation from the above approach. Because it was based on a failure to obey a discovery order, we find that Cooper Tire was effectively held in contempt.

### A. *Was it civil or criminal?*

¶35.    Recently, we considered at length the law regarding contempt and stated:

> We carefully examine contempt convictions. *Melvin v. State*, 210 Miss. 132, 48 So.2d 856 (1950). Generally speaking, contempt matters are committed to the substantial discretion of the trial court which, by institutional circumstance and both temporal and visual proximity, is infinitely more competent to decide the matter than the Supreme Court. *Cumberland v. Cumberland*, 564 So.2d 839, 845 (Miss.1990). When dealing with contempt matters, we must first determine whether the alleged contempt is either civil or criminal in nature. If the contempt is civil, the proper standard utilized for review is the manifest error rule. Id. If the contempt is criminal, then we will proceed ab initio and will determine on the record whether the person in contempt is guilty of contempt beyond a reasonable doubt. Id. If the primary purpose of the contempt order is to enforce the rights of private party litigants or enforce compliance with a court order, then the contempt is civil. *Purvis v. Purvis*, 657 So.2d 794, 796 (Miss.1994).The contemnor may be jailed or fined for civil contempt; however, the contemnor must be relieved of the penalty when he performs the required act. Id. at 796-97. Criminal contempt penalties, on the other hand, are designed to punish the contemnor for disobedience of a court order; punishment is for past offenses and does not terminate upon compliance with the court order. *Common Cause of Miss. v. Smith*, 548 So.2d 412, 415-16 (Miss.1989).

*In re Williamson*, 838 So.2d 226, 228 (Miss. 2002). We further discussed the two forms of

criminal contempt, direct and constructive, and stated:

> Direct criminal contempt involves words spoken or actions committed in the presence of the court that are calculated to embarrass or prevent the orderly administration of justice. Punishment for direct contempt may be meted out instantly by the judge in whose presence the offensive conduct was committed....
>
> Unlike direct contempt, constructive contempt involves actions which are committed outside the presence of the court ... In the case of constructive criminal contempt, we have held that defendants must be provided with procedural due process safeguards, including a specification of charges, notice, and a hearing.

*Id.* at 237 (citations omitted).

16

¶36. Applying this analysis, we find that Cooper Tire was in constructive criminal contempt. The fine imposed was to punish Cooper Tire's failure to obey the discovery order and to vindicate the authority of the trial court. *See, e.g.*, ***Newell v. Hinton***, 556 So.2d 1037, 1044 (Miss. 1990) ("[A] criminal contempt proceeding is maintained solely and simply to vindicate the authority of the court or to punish otherwise for conduct offensive to the public in violation of an order of the court."). The fines were to be paid to the trial court and did not involve the rights of plaintiffs or other private parties.

¶37. As noted, a person charged with constructive criminal contempt is afforded certain procedural safeguards. The citing judge must recuse himself from conducting the contempt proceedings involving the charges. "[I]t is necessary for that individual to be tried by another judge in cases of constructive contempt where the trial judge has substantial personal involvement in the prosecution." ***In re Williamson***, 838 So.2d at 238 (citing ***Terry v. State***, 718 So.2d 1097 (Miss. 1998)). In ***Williamson***, this Court reversed and remanded finding that it was improper for the citing judge to preside where he was a material witness. Based on ***Williamson***, Cooper Tire is entitled to have proceedings before a different judge.

## IV. Did the Trial Court Abuse its Discretion?

¶38. Trial courts have considerable discretion in discovery matters, and their decisions will not be overturned unless there is an abuse of discretion. ***Robert v. Colson***, 729 So.2d 1243, 1245 (Miss. 1999) (citing ***Dawkins v. Redd Pest Control Co.***, 607 So.2d 1232, 1235 (Miss. 1992)).

17

¶39. The $10,000 rate chosen by the trial judge was the same rate imposed on Cooper Tire by the District Court of Wise County, Texas, in *Salas v. Cooper Tire & Rubber Inc.*, No. 01-05-354. The trial court first announced the prospective fine after determining that Cooper Tire misled the court regarding whether it had certain records stored electronically. However, the sanction was not actually ordered until after a settlement had been reached by the parties. At that time many alternative sanctions, such as the striking of pleadings or defenses, were not available to the trial court.

¶40. Both parties argue that the settlement is determinative to this appeal. On one hand, plaintiffs contend that based on the settlement Cooper Tire has no right to appeal the sanction. Cooper Tire argues that the settlement rendered moot all issues regarding sanctions. Both are wrong. A settlement between the parties does not foreclose the trial court's authority to sanction a party or administer its proceedings.

¶41. Cooper Tire further argues that the trial court abused its discretion by granting a motion to compel despite plaintiffs' failure to satisfy URCCC 4.04(c), which provides that "no motion to compel shall be heard unless" the movant certifies with the motion that he or she conferred in good faith with opposing counsel to resolve the dispute but was unsuccessful. Though we agree that no such certification was provided, it does not excuse Cooper Tire's failure to abide an otherwise valid court order.

¶42. In arguing that the sanction was actually based on criminal contempt, Cooper Tire argues that sanction violates a host of constitutional principles. Because we reverse and remand based on our holding in *Williamson,* we need not address those issues.

18

## CONCLUSION

¶43.     We find that the sanctions imposed were based on Cooper Tire's failure to obey the July 30 discovery order.   Under Rule 37 and the inherent power to protect the integrity of its process, the trial court has the broad authority to impose sanctions for discovery violations and violations of its orders.   However, a purely punitive fine may be imposed only after the offending party be held in contempt.

¶44.     In the instant case, the trial court effectively held Cooper Tire in constructive criminal contempt.   Under *Williamson*, Cooper Tire had the right to present its defense regarding contempt before a judge with no individual involvement.   Finally, neither the fact that the parties entered into a settlement nor the plaintiffs' failure to attach a good faith affidavit to a motion to compel foreclosed the trial court's authority to sanction Cooper Tire.

¶45.     Accordingly, we reverse the trial court's $10,000 sanction of Cooper Tire, and we remand this case for further proceedings consistent with this opinion before a different trial judge during which Cooper Tire shall be allowed to present a defense regarding whether it is guilty of contempt.

¶46.     **REVERSED AND REMANDED.**

**SMITH, C.J., WALLER, P.J., CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR.   COBB, P.J., CONCURS IN RESULT ONLY.   EASLEY, J. DISSENTS WITHOUT SEPARATE WRITTEN OPINION.  DIAZ, J., NOT PARTICIPATING.**