915 So.2d 1278 (2005)
CHANNEL COMPONENTS, INC., Canaan Ames, and Christopher T. Lowder, Appellants,
v.
AMERICA II ELECTRONICS, INC., Appellee.
Nos. 2D04-5395, 2D05-16.
District Court of Appeal of Florida, Second District.
December 21, 2005.
*1279 Theodore "Ted" E. Karatinos of Prugh, Holliday & Karatinos, P.L., Tampa; and Randall V. Shanafelt of The Shanafelt Law Firm, P.A., Clearwater, for Appellants.
Richard E. Fee of Fee & Jeffries, P.A., Tampa, for Appellee.
ALTENBERND, Judge.
Channel Components, Inc. (CCI), and two of its principals, Canaan Ames and Christopher Lowder, appeal a judgment in the amount of $79,282 entered against them as a sanction for their violation of certain discovery orders. The judgment was entered in favor of America II Electronics, Inc. (America II), the plaintiff in the underlying pending action seeking damages and an injunction against Mr. Ames and Mr. Lowder for their alleged violations of a noncompete agreement. The appellants argue that the judgment constitutes a criminal sanction for discovery violations, entered without the procedural protections required for such sanctions, and in an amount unrelated to the harm caused by their violation of discovery orders. In actuality, the judgment is the result of the proper imposition of a coercive *1280 civil sanction for contempt. The trial court scrupulously complied with the procedural requirements for entering this form of sanction judgment. Under the circumstances of this case, we find no abuse of discretion in the amount of the fine imposed.
The underlying litigation in this case began in February 2002, when America II filed its complaint against two former employees, Mr. Ames and Mr. Lowder. The complaint alleged that the two were tortiously interfering with the business relationships of America II and had breached their employment contracts with America II by violating a noncompetition provision and a provision prohibiting the disclosure of certain proprietary information. America II also sued CCI, a new corporation formed and operated by Mr. Ames and Mr. Lowder, alleging that the company was tortiously interfering in America II's business relationships. The complaint sought injunctive relief and damages. America II had the defendants served simultaneously with the complaint and certain discovery requests. Thus, America II began to seek the discovery necessary to prosecute its case in February 2002.
In July 2002, after the defendants only partially complied with the discovery requests, America II filed a motion to compel the discovery. The motion specifically alleged that America II had made a good faith effort to resolve the discovery dispute prior to filing the motion and detailed some of the steps America II took in that regard. On October 3, 2002, the trial court orally granted the motion to compel discovery. The trial court entered a written order on October 8, 2002, specifically detailing what items needed to be produced for America II and requiring the defendants to produce them on or before October 11, 2002.
On October 24, 2002, America II filed a motion for an order to show cause and for the imposition of discovery sanctions. The motion alleged that the defendants had again failed to produce the requested, and now court-ordered, documents and requested an order to show cause "why [the defendants] should not be held in contempt of court" for failing to comply with the October 8 order. America II noted in its motion that the documents were critical in its preparation for depositions it had scheduled in the case.
After a hearing on November 21, 2002, the trial court held that the defendants were "in continuing violation" of the October 8, 2002, order compelling discovery. The court entered a written order on December 13, 2002, detailing the provisions of the October 8, 2002, order with which the defendants had not complied. The court did not hold the defendants in contempt or issue an order to show cause, but the written order admonished: "[T]his Court will treat any further violation of the October Order, or the terms of this Order, as willful. In the event of such a violation, this Court will entertain a motion to strike the Defendants' pleadings and enter judgment in favor of Plaintiff."[1]
On January 23, 2003, America II filed yet another motion for contempt and for sanctions, again alleging that the defendants had not complied with the discovery requests or the orders of the court compelling discovery. This motion was heard before the trial court on April 1, 2003. At the conclusion of this hearing, the trial court orally pronounced its finding that the defendants had still not complied with the *1281 discovery as ordered by the court and thus were in contempt of court. The trial judge indicated he was giving the defendants one more week to comply with the discovery ordered. He instructed the defendants to submit, within that time period, an itemized list in response to the items ordered by the court. The list was to designate what items were provided, and if an item was not provided, the defendants were instructed to specifically note on the list that the documents requested did not exist. The trial judge ruled that if the defendants did not provide the discovery as ordered on or before 5 p.m. on April 8, 2003, a coercive fine of $2500 per day would be imposed for each day the defendants remained in noncompliance, for a maximum of thirty days. If the defendants remained in noncompliance after the thirty-day period, the trial judge indicated he would strike the defendants' pleadings and affirmative defenses. Although the trial court announced this ruling on April 1, it was not reduced to writing until June 5, 2003.
On April 4, 2003, the defendants filed a motion requesting an extension of time to provide the discovery until April 11, 2003. The trial court denied the extension. On April 9 and 10, the defendants filed "supplemental discovery" consisting of two pages setting forth the items listed in the trial court's order compelling discovery and indicating that one subset of documents was attached and that three other subsets had already been provided. As to a specific request for correspondence, e-mails, or notes evidencing conversations between the defendants and the clients they had in common with America II, the defendants indicated for the first time that there were no such documents in existence. America II, however, had previously taken the depositions of Mr. Ames and Mr. Lowder. Both men had referred to a computer software program that they used in their work at CCI that tracked correspondence with their customers. Both men also indicated that they sometimes communicated by e-mail with customers and vendors. In light of this, in June 2003, America II filed a motion seeking an order setting a specific amount of the sanctions, pursuant to the April 1 ruling imposing a $2500-per-day fine for the defendants' failure to comply with discovery and seeking an order striking the pleadings and affirmative defenses of the defendants. Around this same time, the defendants' counsel of record withdrew from the case, and the defendants retained new counsel to represent them.
On August 18, 2003, the parties appeared before the court on America II's motion to set sanctions and strike the defendants' pleadings. There were immediate disputes over what documents had been provided by the defendants' prior counsel, what remained to be provided, and who was at fault for any noncompliance. The trial judge continued the hearing in light of these disputes. He advised the defendants' new counsel to bring to the next hearing every document the defendants had regarding the requested discovery, without regard to whether or not it had been provided before, so that the court and the parties could determine whether all of the available documents had been provided.
At continued hearings on this issue on September 5 and September 19, 2003, the defendants delivered the documents requested by the trial court. For the first time, the plaintiffs were provided with e-mails and correspondence they had sought for over a year and a halfdocuments that, in 2003, the defendants had indicated did not exist.
For reasons unconnected with the litigation itself, this matter was not addressed again until August 23 and November 1, *1282 2004, when a new presiding judge heard evidence from the defendants and their prior counsel regarding the discovery violations. America II, armed with the discovery finally provided in September 2003, presented evidence that the defendants possessed documents all along that were responsive to the discovery requested and ordered by the court on numerous occasions, but the defendants did not turn them over until September 2003.
The defendants presented seemingly contrary arguments in mitigation of their noncompliance. They argued first that when the discovery requests were initially served in 2002, their business was in its infancy and very few documents existed. But they also argued that the discovery requests were extremely burdensome and that they were late because they were struggling to provide all of the documents requested. Counsel for the defendants argued generally that the actual imposition of the $2500-per-day fine, ordered on April 1 to be imposed for thirty days, would bankrupt his clients. However, the defendants presented no evidence of their financial status or of any imminent insolvency.
Based upon this evidence, the trial court entered judgment against the defendants, jointly and severally, and in favor of America II, in the amount of $75,000, representing the previously ordered fine of $2500 per day for a total of thirty days, plus $4282 for the attorneys' fees incurred by America II to obtain compliance.
The trial judge who entered the final judgment for sanctions in this case held hearings in this matter that, combined, lasted more than six hours. The lengthy history of this discovery dispute is contained in an appellate record containing fifteen volumes, filled almost exclusively with documents regarding the discovery battle. This battle has now been waged for over three years, with no sight of a trial on the merits on the horizon. This case is an extreme example of the abuse of the discovery process. It is perhaps not surprising, then, that it appears this will be the first reported Florida case affirming a discovery sanction fine in this large of an amount.
Initially, we note that the defendants do not challenge the judgment as it relates to the attorneys' fees of $4282, incurred by America II in its efforts to obtain compliance with the discovery requests and court orders. Indeed, these fees were clearly authorized, if not required by Florida Rule of Civil Procedure 1.380(a)(4) and (b). Rather, the defendants argue that the $75,000 fine was a criminal contempt sanction, imposed without the required procedural protections for such sanctions, and that the severity of the fine was not commensurate with any harm caused by the discovery violations.[2] In actuality, the judgment represents a coercive civil contempt sanction, the amount of which the defendants could have avoided altogether by complying with the court's discovery orders. Because the circuit court followed the procedures required to impose this sanction, we affirm the judgment.
Florida Rule of Civil Procedure 1.380, entitled "Failure to Make Discovery; Sanctions," sets forth the procedures for a party to obtain an order compelling discovery and the sanctions available for a party's failure to comply with such an order. *1283 Pursuant to rule 1.380(b)(2), if a party fails to obey an order to provide discovery, the trial court may enter certain orders, including:
(A) An order that the matters regarding which the questions were asked or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order.
(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence.
(C) An order striking out pleadings or parts of them or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part of it, or rendering a judgment by default against the disobedient party.
(D) Instead of any of the foregoing orders or in addition to them, an order treating as a contempt of court the failure to obey any orders. . . .
Notably, rule 1.380 does not specifically provide for the imposition of a monetary sanction or fine unconnected to the expenses (such as attorneys' fees) caused by the failure to provide discovery. Thus the assessment of a fine in the discovery context must be predicated upon a finding of contempt. See Stewart v. Jones, 728 So.2d 1233 (Fla. 4th DCA 1999); Fla. Physicians Ins. Reciprocal v. Baliton, 436 So.2d 1110 (Fla. 4th DCA 1983); see also Allstate Ins. Co. v. Biddy, 392 So.2d 938 (Fla. 2nd DCA 1980) (authorizing the imposition of a $2000 fine after affirming an adjudication of contempt for failure to comply with discovery orders). In this case, the trial court properly treated the defendants' failure to provide discovery, despite the court order requiring them to do so, as a contempt of court under rule 1.380.
Because the trial court treated the violation of the discovery orders as a contempt of court, the trial court was required to comply with the procedural safeguards necessary to enter such a contempt order. As the Florida Supreme Court has explained:
Contempt sanctions are broadly categorized as criminal or civil contempt. Civil contempt sanctions are further classified as either compensatory or coercive sanctions. . . . We have previously explained that the purpose of criminal contempt is to punish. Criminal contempt proceedings are utilized to vindicate the authority of the court or to punish for an intentional violation of an order of the court. On the other hand, a contempt sanction is considered civil if it is remedial, and for the benefit of the complainant.
. . . .
. . . [B]ecause civil contempt sanctions are viewed as nonpunitive and avoidable, fewer procedural protections for such sanctions have been required. Thus, civil contempt may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard. Neither a jury trial nor proof beyond a reasonable doubt is required. While civil contempt sanctions do not require the same procedural and constitutional protections as criminal contempt, the key safeguard in civil contempt proceedings is a finding by the trial court that the contemnor has the ability to purge the contempt.
Parisi v. Broward County, 769 So.2d 359, 363-64, 365 (Fla.2000) (internal quotation marks, citations, and footnote omitted).
In this case, the trial court scrupulously followed the procedure necessary to impose a coercive civil contempt sanction arising from the violation of the discovery *1284 orders. The initial order compelling discovery was entered on October 8, 2002, and a second order compelling discovery was entered on December 16, 2002. The trial court entered these orders after providing the defendants notice and an opportunity to be heard. Based upon the defendants' continued noncompliance, after yet another hearing with notice and an opportunity to be heard, the trial court provided the defendants an additional week to provide the discovery. However, the court also imposed, as a coercive civil contempt sanction, a fine of $2500 per day for each day thereafter, not to exceed thirty days, that the defendants did not comply with the discovery orders.
The defendants were thus provided with a "purge" provision to avoid any fine: they could have avoided the fine altogether if they simply complied with the prior court orders. In addition, before the trial court actually reduced the sanction imposed in this order to a final judgment, the trial court held additional hearings to address whether the defendants had complied, and if not, who was at fault for the noncompliance. Those hearings revealed that the defendants had always had the ability to comply with the trial court's orders on discovery. Indeed, by the time the judgment on appeal was entered, the defendants had produced the very documents requesteddocuments whose dates established that they existed and could have been timely produced in order to comply with the discovery requests and court orders. Thus the trial court properly held the defendants in contempt, ordered a coercive fine that they had the ability to purge by providing the documents required, and, when the defendants ignored the opportunity to purge the contempt, reduced the imposed fine to judgment.
It is well settled that determining whether sanctions should be imposed for discovery violations and the amount or nature of those sanctions are matters committed to the discretion of the trial court, and the trial court's decision will not be disturbed upon appeal absent an abuse of that discretion. Ham v. Dunmire, 891 So.2d 492, 495 (Fla.2004) (citing Mercer v. Raine, 443 So.2d 944, 946 (Fla.1983)). Courts have generally held that the severity of the sanction imposed must be commensurate with the offense. Ferrante v. Waters, 383 So.2d 749 (Fla. 4th DCA 1980). However, particularly in cases imposing a coercive fine that can be avoided entirely by complying with a court order, there is no requirement that the amount of a fine coincide with some strict element of proof of damages or losses caused by the noncompliance.
Admittedly, we have been unable to find a case upholding a fine of a similarly large amount for violation of discovery orders. See, e.g., Stewart, 728 So.2d 1233 (granting writ of certiorari to quash order imposing fine of $1000 per day for discovery violations entered without a finding of contempt); Hoffman v. Hoffman, 764 So.2d 3 (Fla. 4th DCA 1998) (granting writ of certiorari to quash order imposing fine of $500 per day for discovery violations because there was no determination of contempt or the party's present ability to purge); Nordyne, Inc. v. Fla. Mobile Home Supply, Inc., 625 So.2d 1283 (Fla. 1st DCA 1993) (holding that imposition of $150,000 fine imposed in favor of the plaintiff against the defendant based upon discovery violations was an abuse of discretion because the fine was duplicative of sanctions requiring a new trial and payment of $145,000 in attorneys' fees); Paramount Advisors Inc. v. Schwartz, 591 So.2d 671 (Fla. 4th DCA 1991) (reversing imposition of $100 per day fine because order failed to include finding of contempt or ability to comply with order); Baliton, *1285 436 So.2d 1110 (reversing imposition of $150,000 fine for discovery violations because there was no finding of contempt and fine was otherwise punitive in nature); Grapin & Chaykin, M.D., P.A. v. Turnoff & Fox, M.D., P.A., 413 So.2d 133 (Fla. 3d DCA 1982) (reversing order adjudging plaintiffs in contempt and imposing $250-per-day fine for each day they remained in violation of orders requiring discovery because the order did not contain findings the plaintiffs had the ability to comply with the orders). But see Palm Shores v. Nobles, 149 Fla. 103, 5 So.2d 52 (1941) (affirming imposition of $50 fine based upon adjudication of contempt for violation of discovery orders); Biddy, 392 So.2d 938 (authorizing $2000 fine based upon finding or contempt for violation of discovery orders). Nevertheless, in this case all of the procedural requirements for the imposition of this fine were met, and the defendants were given every opportunity to avoid the imposition of this fine. Indeed, their behaviorwhich has prolonged the discovery process for over two years and avoided a trial on the merits as to whether they should be enjoined from competing against the plaintiff pursuant to their noncompete agreementsmay have been properly categorized as "contumacious" so as to merit the ultimate sanctions of striking of pleadings or entry of judgment against them. See Ham, 891 So.2d at 496. We find no abuse of discretion in the trial court's decision to impose the fine it warned the defendants would be forthcoming if they did not comply with the court's orders, while saving them from the ultimate sanctions that might have resulted. We therefore affirm the judgment.
CASANUEVA and KELLY, JJ., Concur.
NOTES
[1] On November 26, 2002, within a week of hearing the trial judge's pronouncement regarding the discovery issue, the defendants sought unsuccessfully to disqualify the trial judge.
[2] The defendants also argue that the fine should have been imposed against their prior counsel, who they asserted was at fault for failing to provide the discovery, and not against them. However, competent, substantial evidence supported the trial court's finding that the defendants themselves, and not their prior attorney, were responsible for not complying with the court's orders.